■ TED REILLY, Plaintiff, v S. DIGIACOMO & SON, INC., Respondent, and EVE H. RICE et al., Appellants. (And a Third-Party Action.) [690 NYS2d 424] —Order, Supreme Court, Bronx County (George Friedman, J.), entered March 4, 1998, which, in an action by a laborer under Labor Law § 240 (1) to recover for personal injuries sustained when the scaffold on which he was working collapsed, granted plaintiff's motion for summary judgment against defendants owners of the site and defendant general contractor, and, insofar as appealed from, denied the owners' cross motion for summary judgment on their cross claim against the general contractor for common-law indemnification, unanimously affirmed, without costs.

The owners' cross motion was properly denied because, although no issues of fact exist as to the purely vicarious nature of their liability, their evidence does not establish, as a matter of law, that the general contractor was either negligent or exclusively supervised and controlled plaintiff's work site (*cf., Dias v Stahl*, 256 AD2d 235). Concur—Sullivan, J. P., Tom, Mazzarelli, Rubin and Friedman, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JIMMY RODRIGUEZ, Appellant. [690 NYS2d 423] —Judgments, Supreme Court, New York County (Laura Drager, J.), rendered on or about April 29, 1997, unanimously affirmed.

Application by appellant's counsel to withdraw as counsel is granted. (*See, Anders v California*, 386 US 738; *People v Saunders*, 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no non-frivolous points which could be raised on this appeal.

Pursuant to CPL 460.20, defendant has the right to apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that Court and by submitting such application to the Clerk of that Court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within thirty (30) days after service of a copy of this order, with notice of entry.

Denial of the application for permission to appeal by the Judge or Justice first applied to is final and no new application may thereafter be made to any other Judge or Justice. Concur—Sullivan, J. P., Tom, Mazzarelli, Rubin and Friedman, JJ.