■ James J. Walker et al., Plaintiffs, v Trustees of the University of Pennsylvania et al., Defendants and Third-Party Plaintiffs-Respondents. Rosenwach Tank Co., Inc., Third-Party Defendant-Appellant. (And Other Actions.) [692 NYS2d 68] —Judgment, Supreme Court, New York County (Leland DeGrasse, J.), entered May 20, 1998, in an action by a laborer for personal injuries, insofar as appealed from, awarding third-party plaintiffs site owner and general contractor full

common-law indemnification against third-party defendant subcontractor, plaintiff's employer, unanimously affirmed, without costs. The trial court properly granted the owner's and general contractor's posttrial motion for common-law indemnification against plaintiff's employer upon a jury finding that the owner and general contractor were not negligent and a trial record showing that the owner and general contractor did not direct and control plaintiff's work and that the employer did; this was correct irrespective of whether any negligence by the employer actually contributed to the accident (*see, Felker v Corning Inc.*, 90 NY2d 219, 226; *Rodriguez v Metropolitan Life Ins. Co.*, 234 AD2d 156). The general contractor's authority under its contract with the owner to enforce general safety standards did not amount to the requisite supervision or control of plaintiff's work (*see, Torino v KLM Constr.*, 257 AD2d 541). We would also note the employer's express assumption of primary responsibility for worker safety in its subcontract (*see, Buccini v 1568 Broadway Assocs.*, 250 AD2d 466, 469). Nor will the employer be heard to argue that the jury did not expressly rule on the general contractor's supervision of plaintiff's work where the employer never requested that such question be propounded (*see, London v Lepley*, 259 AD2d 298). In any event, the finding of no negligence by the general contractor implies that it exercised no such supervision. Concur—Sullivan, J. P., Nardelli, Mazzarelli, Rubin and Andrias, JJ.