■ JAMES HERNANDEZ et al., Plaintiffs, v TWO EAST END AVENUE APARTMENT CORPORATION et al., Defendants and Third-Party Plaintiffs-Respondents. LETTIRE CONSTRUCTION CORP., Third-Party Defendant-Appellant. [757 NYS2d 65] —In an action to recover damages for personal injuries, etc., the third-party defendant, Lettire Construction Corp., appeals from (1) a judgment of the Supreme Court, Kings County (Schneier, J.), entered December 21, 2001, which, upon the denial of its motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the third-party complaint, and upon the granting of the separate motions of the defendants third-party plaintiffs, Two East End Avenue Apartment Corp. and Mariano Construction Corp., pursuant to CPLR 4401 for judgment as a matter of law on the issues of liability and indemnification, is in favor of the defendant third-party plaintiffs and against it in the principal sum of $1,339,865.38, and (2) an order of the same court, dated January 10, 2002, which denied its motion to vacate the judgment on the ground that it does not accurately reflect the minutes of the trial.

Ordered that the judgment is reversed, on the law, the mo-

tion of the defendant third-party plaintiff Mariano Construction Corp. is denied in its entirety, and that branch of the motion of the defendant third-party plaintiff Two East End Avenue Apartment Corp., which was for common-law indemnification is denied; and it is further,

Ordered that the matter is remitted to the Supreme Court, Kings County, for a new trial before a different justice on the issue of liability as to the defendant third-party plaintiff Mariano Construction Corp., and the third-party defendant, Lettire Construction Corp., and as to the claim of the defendant third-party plaintiff Two East End Avenue Apartment Corp., for common-law indemnification against the third-party defendant, Lettire Construction Corp.; and it is further,

Ordered that the appeal from the order is dismissed as academic; and it is further,

Ordered that one bill of costs is awarded to the appellant.

A directed verdict is only appropriate "where the trial court finds that, upon the evidence presented, there is no rational process by which the fact trier could base a finding in favor of the nonmoving party" (*Szczerbiak v Pilat,* 90 NY2d 553, 556 [1997]; *see Holt v Welding Servs.,* 264 AD2d 562 [1999]; *Shpritzman v Strong,* 248 AD2d 524 [1998]). A subcontractor may be obligated to indemnify under the common law upon proof that its actual negligence contributed to an accident, or, in the absence of any negligence, where it had the authority to direct, supervise, and control the work giving rise to the injury (*see Hernandez v Two E. End Ave. Apt. Corp.,* 271 AD2d 570, 571 [2000]; *Walker v Trustees of Univ. of Pa.,* 262 AD2d 175, 176 [1999]; *Rodriguez v Metropolitan Life Ins. Co.,* 234 AD2d 156 [1996]; *Terranova v City of New York,* 197 AD2d 402 [1993]).

There is an issue of fact with respect to the negligence, if any, of both the appellant, Lettire Construction Corp., and the defendant third-party plaintiff Mariano Construction Corp. (hereinafter Mariano). There is also an issue of fact as to whether the appellant was the only entity with the authority to direct, supervise, and control the work giving rise to the injury, or whether Mariano had the authority to direct, supervise, and control the work. The resolution of these issues was dependent upon the credibility of the witnesses. Thus, the Supreme Court erred in granting Mariano's motion for judgment as a matter of law against the appellant on the issues of liability and indemnification (*cf. Lopez v 36-2nd J Corp.,* 211 AD2d 667, 668 [1995]).

Similarly, it was error to grant the motion for judgment as a matter of law against the appellant and in favor of the

defendant third-party plaintiff Two East End Avenue Apartment Corp. (hereinafter Two East End). There is no question of the absence of liability on the part of Two East End, which was not negligent and never directed or supervised the injured plaintiff's work. Two East End was held liable to the plaintiffs only because of its status as owner under Labor Law § 240 (1). However, because the relative culpability between Mariano and the appellant presented questions of fact, it was premature to grant that branch of the motion of Two East End which was for summary judgment with respect to common-law indemnification against the appellant. Therefore, the judgment must be reversed.

In view of the foregoing, we need not reach the appellant's remaining contention regarding the entry of the judgment, and its final contention is without merit. Smith, J.P., Goldstein, Crane and Rivera, JJ., concur.