ALBERT J. PERRI, Appellant-Respondent, v GILBERT JOHNSON ENTERPRISES, LTD., Defendant and Third-Party Plaintiff-Respondent-Appellant, and THOMAS SCHOONMAKER, Doing Business as STRUCTURAL CONCEPTS, Defendant and Third-Party Plaintiff-Respondent. RPM CONSTRUCTION CORP., Third-Party Defendant-Respondent-Appellant. [790 NYS2d 25]—

In an action to recover damages for personal injuries and

wrongful death, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Putnam County (Sweeny, J.), dated February 7, 2003, as denied his motion for summary judgment on the issue of liability, the defendant second third-party plaintiff Gilbert Johnson Enterprises, Ltd., separately appeals, as limited by its brief, from so much of the same order as denied its cross motion for summary judgment on its cause of action for common-law indemnification against the third-party defendant/second third-party defendant, and the third-party defendant/second third-party defendant also cross-appeals, as limited by its brief, from so much of the same order as denied its cross motion for summary judgment dismissing the third-party complaints insofar as asserted against it.

Ordered that the order is modified, on the law, by adding a provision thereto that, upon searching the record, summary judgment is awarded to the defendant second third-party plaintiff Gilbert Johnson Enterprises, Ltd., dismissing the plaintiff's causes of action sounding in common-law negligence and based on violation of Labor Law § 200 insofar as asserted against it; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs payable by the plaintiff to the defendant third-party plaintiff and the defendant second third-party plaintiff.

On February 4, 1999, the plaintiff's decedent was working 25 to 30 feet above ground on a roof more than 20 feet above ground with a pitch of 45 degrees when he fell to his death. The safety devices provided by the third-party defendant, RPM Construction Corp. (hereinafter RPM), were free standing ladders, roof brackets, planks on the roof known as roof scaffolds, and roof cleats. 12 NYCRR 23-1.24, which governs work on roofs, provides that for "[h]igh and steep roofs" more than 20 feet above the ground, whose slope "is greater than one in four, a ground-supported scaffold . . . shall be provided" (see 12 NYCRR 23-1.24 [b]). The plaintiff's expert, in his verified report, noted that the "fall height was greater than 20 [feet]" and the "slope of the roof was significantly greater than 1:4." It is undisputed that no ground-supported scaffold was provided.

The decedent's coworker testified at his deposition that just before the accident, the decedent was standing on the roof about five feet above a roofing scaffold unrolling tar paper. At the time the decedent fell, he was holding a full roll of tar paper weighting 45 to 50 pounds. The decedent appeared to run down the roof, catch his foot on a bracket, and fall off the roof head first.

The plaintiff, as administrator of the decedent's estate, commenced this action to recover damages for personal injuries and

wrongful death against Gilbert Johnson Enterprises, Ltd. (hereinafter Gilbert), as owner of the property where the accident occurred, and Thomas Schoonmaker, doing business as Structural Concepts (hereinafter Schoonmaker), as general contractor, alleging causes of action sounding in common-law negligence and based on violation of Labor Law § 200, 240 (1), and § 241 (6). Gilbert and Schoonmaker commenced third-party actions against RPM, a corporation wholly owned by the plaintiff's decedent, for common-law indemnification.

The plaintiff moved for summary judgment on the issue of liability and Gilbert and Schoonmaker moved for summary judgment on their third-party claims for common-law indemnification. The Supreme Court found that there were issues of fact which precluded granting summary judgment.

To establish liability for common-law negligence or violation of Labor Law § 200, the plaintiff must establish that the defendant in issue had "authority to control the activity bringing about the injury to enable it to avoid or correct an unsafe condition" (*Russin v Picciano & Son*, 54 NY2d 311, 317 [1981]; *see Rizzuto v Wenger Contr. Co.*, 91 NY2d 343, 352 [1998]; *Singleton v Citnalta Constr. Corp.*, 291 AD2d 393, 394 [2002]). "General supervisory authority at a work site for the purpose of overseeing the progress of the work and inspecting the work product is insufficient to impose liability for common-law negligence and under Labor Law § 200" (*Dos Santos v STV Engrs., Inc.*, 8 AD3d 223, 224 [2004], *lv denied*, 4 NY3d 702 [2004]). Further, the authority to review safety at the site is insufficient if there is no evidence that the defendant actually controlled the manner in which the work was performed (*see Loiacono v Lehrer McGovern Bovis*, 270 AD2d 464, 465 [2000]).

The evidence in the record established that Gilbert visited the site "[s]ometimes once or twice a week, sometimes once every two weeks" to talk to customers and review the progress of the work. There is no evidence in the record that the owner supervised the manner in which the work was performed. Therefore, upon searching the record, summary judgment is awarded to Gilbert dismissing the plaintiff's causes of action sounding in common-law negligence and violation of Labor Law § 200 insofar as asserted against it.

However, according to the decedent's coworker, the general contractor Schoonmaker "supervised all" Gilbert's construction work and purchased the materials for the job. Schoonmaker was referred to as "[t]he supervisor." When asked at his deposition if he supervised the manner of the work, Schoonmaker's testimony was somewhat equivocal. There are issues of fact as

to whether Schoonmaker supervised and controlled the work sufficiently to be liable for common-law negligence and any violation of Labor Law § 200.

Labor Law § 240 (1) imposes liability upon an owner and general contractor for failing to provide "proper protection" against elevation-related hazards, whether or not the owner or contractor actually exercised supervision or control over the work (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 500 [1993]) and whether or not there is comparative fault (*see Blake v Neighbor Hous. Servs. of N.Y. City*, 1 NY3d 280, 289 [2003]). Both Gilbert and Schoonmaker may be held liable pursuant to this provision. However, there are issues of fact as to whether the safety devices provided constituted proper protection pursuant to Labor Law § 240 (1) (*see Blake* at 289, *supra*; *Blair v Rosen-Michaels, Inc.*, 146 AD2d 863 [1989]). The fact that the safety devices provided did not comply with the provisions of the industrial code does not establish as a matter of law that those devices did not provide "proper protection" pursuant to Labor Law § 240 (1) (*see Blair v Rosen-Michaels, Inc., supra* at 865; *Kalofonos v State of New York*, 104 AD2d 75, 79-80 [1984]).

Labor Law § 241 (6) imposes liability on owners and general contractors for failure to comply with provisions of the industrial code, "even in the absence of control or supervision of the worksite" (*see Rizzuto v Wenger Contr. Co., supra* at 348-349). In the instant case, failure to comply with 12 NYCRR 23-1.24 (b) was established as a matter of law. However, there are issues of fact as to whether failure to comply with 12 NYCRR 23-1.24 (b) was a proximate cause of the accident (*see Montalvo v J. Petrocelli Constr., Inc.*, 8 AD3d 173 [2004]; *Shields v General Elec. Co.*, 3 AD3d 715, 718 [2004]). Further, the comparative fault of the plaintiff's decedent, if any, is a defense to a cause of action pursuant to Labor Law § 241 (6) (*see Rizzuto v Wenger Contr. Co., supra* at 350). Although Gilbert explicitly withdrew its defense of comparative fault, that defense is still available to Schoonmaker.

The third-party defendant/second third-party defendant RPM has a corporate identity separate and distinct from the plaintiff's decedent and therefore may be held liable to the third-party plaintiffs for common-law indemnification (*see Quinlan v Eastern Refractories Co.*, 217 AD2d 819 [1995]; *Bieber v Tower Bldr. & Contr. Corp.*, 216 AD2d 431 [1995]). However, only the corporation and not the decedent's estate may be charged with the duty to indemnify (*see Rose v Mount Ebo Assoc.*, 170 AD2d 766 [1991]).

To establish a claim for common-law indemnification, "the

one seeking indemnity must prove not only that it was not guilty of any negligence beyond the statutory liability but must also prove that the proposed indemnitor was guilty of some negligence that contributed to the causation of the accident" (*Correia v Professional Data Mgt.*, 259 AD2d 60, 65 [1999]; *accord Priestly v Montefiore Med. Ctr./Einstein Med. Ctr.*, 10 AD3d 493, 495 [2004]) or "in the absence of any negligence" that the proposed indemnitor "had the authority to direct, supervise, and control the work giving rise to the injury" (*Hernandez v Two E. End Ave. Apt. Corp.*, 303 AD2d 556, 557 [2003]). Where the proposed indemnitee's liability is purely statutory and vicarious, conditional summary judgment for common-law indemnification against a proposed indemnitor is premature absent proof, as a matter of law, that the proposed indemnitor "was either negligent or exclusively supervised and controlled plaintiff's work site" (*Reilly v DiGiacomo & Son*, 261 AD2d 318 [1999]; *see Hernandez v Two E. End Ave. Apt. Corp., supra* at 558).

Schoonmaker would only be entitled to common-law indemnification if he did not supervise or control the work but is vicariously liable pursuant to Labor Law § 240 (1) and § 241 (6). Although it is clear from the record that the liability, if any, of the owner Gilbert is purely vicarious, it is not entitled to conditional summary judgment at this juncture against RPM for common-law indemnification since it unclear from the record whether RPM "was either negligent or exclusively supervised and controlled plaintiff's work site" (*Reilly v DiGiacomo & Son, supra* at 318). The relative culpability, if any, of Schoonmaker and RPM presents issues of fact which preclude the granting of summary judgment with respect to Gilbert's third-party claim (*see Hernandez v Two E. End Ave. Apt. Corp., supra* at 558). S. Miller, J.P., Santucci, Goldstein and Rivera, JJ., concur.