GUANG ZHONG CHEN, Appellant-Respondent, v 77 NY 32ND ST., LLC, Respondent, and YELLOWSTONE IMPORTS, INC., Respondent-Appellant. [803 NYS2d 691]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Jacobson, J.), dated October 21, 2004, as denied his motion for summary judgment with respect to his cause of action pursuant to Labor Law § 240 (1), and the defendant 77 NY 32nd St., LLC cross-appeals, as limited by its brief, from so much of the same order as denied those branches of its cross motion which were for summary judgment dismissing the Labor Law § 240 (1) and § 241 (6) causes of action and for summary judgment on its contractual indemnification cross claim, against the defendant Yellowstone Imports, Inc., and the defendant Yellowstone Imports Inc., separately cross-appeals, as limited by its brief from so much of the order as denied those branches of its cross motion which were for summary judgment dismissing those causes of action and the cross claim for contractual indemnification.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The Supreme Court properly determined that an issue of fact exists as to whether the condition of the ladder was a proximate cause of the plaintiff's fall and his alleged injuries (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 289-290 [2003]; *Perri v Gilbert Johnson Enters., Ltd.*, 14 AD3d 681, 684 [2005]; *see also Zuckerman v City of New York*, 49 NY2d 557 [1980]). Therefore, the Supreme Court properly denied the plaintiff's motion for summary judgment on his cause of action pursuant to Labor Law § 240 (1), and those branches of the defendants' respective cross motions which were for summary judgment dismissing this cause of action.

Furthermore, the Supreme Court properly denied those

branches of the defendants' respective cross motions which sought summary judgment against each other on the issue of contractual indemnification. The Supreme Court properly determined that neither defendant established their entitlement to summary judgment in this respect (*see Zuckerman v City of New York, supra*).

The defendant's remaining contentions are without merit. S. Miller, J.P., Krausman, Rivera and Covello, JJ., concur.