■ KENNETH BENEDETTO, Plaintiff, v CARRERA REALTY CORPORATION et al., Respondents, and DORMAR CONSTRUCTION COMPANY, INC., Defendant and Third-Party Plaintiff-Appellant. BRIDGE CONTRACTING CORPORATION, Third-Party Defendant-Respondent. (And Another Third-Party Action.) [822 NYS2d 542]—

In an action to recover damages for personal injuries, the defendant third-party plaintiff, Dormar Construction Company, Inc., appeals from so much of an order of the Supreme Court, Richmond County (Maltese, J.), dated May 2, 2005, as granted that branch of the motion of the defendants Carrera Realty Corporation and Mark Tashjian which was for summary judgment on their cross claim for common-law indemnification insofar as asserted against it, and denied that branch of its motion which was for summary judgment dismissing the second affirmative defense of the third-party defendant, Bridge Contracting Corporation, asserting that the plaintiff did not sustain a grave injury within the meaning of Workers' Compensation Law § 11.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs to the appellant, payable by the defendants Carrera Realty Corporation and Mark Tashjian, and the third-party defendant Bridge Contracting Corporation, that

branch of the motion of Carrera Realty Corporation and Mark Tashjian which was for summary judgment on their cross claim for common-law indemnification insofar as asserted against Dormar Construction Company, Inc., is denied, and that branch of the motion of Dormar Construction Company, Inc., which was for summary judgment dismissing the second affirmative defense asserted by Bridge Contracting Corporation in the third-party action is granted.

The plaintiff sustained injuries when he fell through a hole in the steel roof of a building while working at a construction site. He commenced the instant action, alleging negligence and violations of Labor Law §§ 200, 240 (1), and § 241 (6), against Carrera Realty Corporation and Mark Tashjian, the owners of the site (hereinafter collectively referred to as the owners), and Dormar Construction Company, Inc. (hereinafter Dormar), a contractor retained by the owners to construct an extension to the building. The owners asserted a cross claim against Dormar for common-law indemnification, while Dormar and the owners each impleaded the plaintiff's employer, Bridge Contracting Corporation (hereinafter Bridge), asserting causes of action sounding in common-law indemnification. Bridge asserted, as an affirmative defense, that as the plaintiff's employer, it could not be held liable for common-law indemnification because the plaintiff did not sustain a grave injury within the meaning of Workers' Compensation Law § 11. The Supreme Court, among other things, granted that branch of the owners' motion which was for summary judgment on their cross claim for common-law indemnification against Dormar, and denied that branch of Dormar's motion which was for summary judgment dismissing Bridge's second affirmative defense based on Workers' Compensation Law § 11.

In order to establish their claim for common-law indemnification, the owners were required to prove not only that they were not negligent, but also that the proposed indemnitor, Dormar, was responsible for negligence that contributed to the accident or, in the absence of any negligence, had the authority to direct, supervise, and control the work giving rise to the injury. Where, as here, the owners' alleged liability is purely statutory and vicarious, conditional summary judgment in their favor on the basis of common-law indemnification against Dormar is premature absent proof, as a matter of law, that Dormar was negligent or had authority to direct, supervise, and control the work giving rise to the plaintiff's injury (*see Perri v Gilbert Johnson Enters., Ltd.*, 14 AD3d 681, 684-685 [2005]; *Priestly v Montefiore Med. Ctr./Einstein Med. Ctr.*, 10 AD3d 493, 495

[2004]; *Hernandez v Two E. End Ave. Apt. Corp.,* 303 AD2d 556, 557-558 [2003]; *Reilly v DiGiacomo & Son,* 261 AD2d 318 [1999]). Although there is no evidence that the owners were negligent, they nevertheless failed to make the required showing concerning Dormar. Summary judgment on their common-law indemnification cross claim against Dormar was therefore premature (*see Perri v Gilbert Johnson Enters., Ltd., supra*).

The Supreme Court also erred in denying Dormar's motion for summary judgment dismissing Bridge's second affirmative defense alleging that the plaintiff did not suffer a grave injury within the meaning of Workers' Compensation Law § 11. That statute permits an alleged tortfeasor in an action arising from a workplace accident to assert a claim against the plaintiff's employer sounding in common-law indemnity or contribution only where the plaintiff suffered a grave injury, a term which includes "total loss of use . . . of [a] foot." There is no dispute that the plaintiff cannot use his feet at all, is confined to a wheelchair, and can ambulate only with the use of crutches and braces by dragging his lower body and using his upper body for support. The report of Bridge's expert, while expressing a belief that the plaintiff will improve to the point where he can become a household and community ambulator, did not dispute the plaintiff's total loss of the use of his feet. Dormar thus made a prima facie showing that the plaintiff sustained a grave injury, and Bridge failed to raise a triable issue of fact in opposition to that showing (*cf. Fitzpatrick v Chase Manhattan Bank,* 285 AD2d 487, 488 [2001]). Accordingly, summary judgment dismissing Bridge's second affirmative defense should have been granted. Miller, J.P., Luciano, Rivera and Spolzino, JJ., concur.