WLODZIMIERZ NASURO et al., Respondents, v PI ASSOCIATES, LLC, et al., Appellants, NEW YORK PRE-CAST, INC., et al., Respondents, et al., Defendants. [858 NYS2d 175]—

"A prime contractor hired for a specific project is subject to liability under Labor Law § 240 as a statutory agent of the owner or general contractor only if it has been 'delegated the . . . work in which plaintiff was engaged at the time of his injury,' and is therefore 'responsible for the work giving rise to the duties referred to in and imposed by [the statute]' " (*Coque v Wildflower Estates Devs., Inc.*, 31 AD3d 484, 488 [2006], quoting *Russin v Louis N. Picciano & Son*, 54 NY2d 311, 318 [1981]). "[T]he nondelegable liability imposed by Labor Law § 240 (1) attaches only to a contractor that has the authority to supervise or control the particular work in which the plaintiff was engaged at the time of his injury" (*Coque v Wildflower Estates Devs., Inc.*, 31 AD3d at 488; *see Kwoksze Wong v New York Times Co.*, 297 AD2d 544 [2002]; *Sabato v New York Life Ins. Co.*, 259 AD2d 535 [1999]; *Velez v Tishman Foley Partners*, 245 AD2d 155 [1997]; *D'Amico v New York Racing Assn.*, 203 AD2d 509 [1994]). "Once an entity becomes an agent under the Labor Law it cannot escape liability to an injured plaintiff by delegat-

ing the work to another entity" (*McGlynn v Brooklyn Hosp.-Caledonian Hosp.*, 209 AD2d 486, 486 [1994]). Here, the evidence established, as a matter of law, that the defendant Maric Plumbing & Heating, Inc. (hereinafter Maric), the prime plumbing contractor for the subject job site, had the authority to supervise and control the work being performed by the plaintiff at the time of his accident. The injured plaintiff worked for a company subcontracted by Maric to perform the plumbing work at the job site, and was engaged in this work at the time of the accident. It is undisputed that he fell through an opening in the floor of the building's basement, falling 15 feet to the floor of the sub-basement. The evidence established that there were no barricades or other protection around the opening in the floor. Accordingly, upon determining that Maric was a statutory agent of the owner within the meaning of the Labor Law and that Maric raised no triable issue of fact, the Supreme Court properly granted that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action insofar as asserted against Maric, and denied that branch of Maric's cross motion which was for summary judgment dismissing that cause of action insofar as asserted against it.

"Labor Law § 200 codifies the common-law duty of an owner or employer to provide employees with a safe place to work" (*Romang v Welsbach Elec. Corp.*, 47 AD3d 789 [2008]; *see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 505 [1993]; *Jock v Fien*, 80 NY2d 965, 967 [1992]; *Smith v 499 Fashion Tower, LLC*, 38 AD3d 523, 524 [2007]; *Brown v Brause Plaza, LLC*, 19 AD3d 626 [2005]; *Linares v United Mgt. Corp.*, 16 AD3d 382, 384 [2005]). When, as here, the plaintiff's injuries arose not from the manner in which the work was performed, but from an allegedly dangerous condition at the work site, a defendant may be liable under Labor Law § 200 and for common-law negligence if it had control over the work site and actual or constructive notice of the dangerous condition (*see Payne v 100 Motor Parkway Assoc., LLC*, 45 AD3d 550 [2007]; *McLeod v Corporation of Presiding Bishop of Church of Jesus Christ of Latter Day Sts.*, 41 AD3d 796, 798 [2007]; *Keating v Nanuet Bd. of Educ.*, 40 AD3d 706, 708-709 [2007]). The Supreme Court properly denied that branch of Maric's cross motion which was for summary judgment dismissing the plaintiff's Labor Law § 200 and common-law negligence causes of action insofar as asserted against it, since Maric failed to eliminate all triable issues of fact as to whether it had actual or constructive notice of the allegedly dangerous condition which caused the plaintiff's injuries (*see Keating v Nanuet Bd. of Educ.*, 40 AD3d 706, 708-709 [2007]; *Pirrotta v EklecCo*, 292 AD2d 362, 364 [2002]).

Maric asks this Court to search the record and conditionally award it summary judgment on its cross claim for common-law indemnification insofar as asserted against its codefendants New York Pre-Cast, Inc. (hereinafter New York Pre-Cast), and New York Steel Fabricators, Inc. (hereinafter New York Steel). In order to establish its entitlement to judgment as a matter of law on this cross claim, Maric was required to refer to evidence in the record, demonstrating not only that it was not negligent, but also that the proposed indemnitors were responsible for the negligence that contributed to the accident or, in the absence of any negligence, had the authority to direct, supervise, and control the work giving rise to the plaintiff's injury (*see Benedetto v Carrera Realty Corp.*, 32 AD3d 874, 875 [2006]). Where a defendant's alleged liability is purely statutory and vicarious, conditional summary judgment in that defendant's favor on the basis of common-law indemnification "is premature absent proof, as a matter of law, that [the party from whom indemnification is sought] was negligent or had authority to direct, supervise, and control the work giving rise to the plaintiff's injury" (*Benedetto v Carrera Realty Corp.*, 32 AD3d at 875; *see Perri v Gilbert Johnson Enters., Ltd.*, 14 AD3d 681, 684-685 [2005]; *Priestly v Montefiore Med. Ctr./Einstein Med. Ctr.*, 10 AD3d 493, 495 [2004]; *Hernandez v Two E. End Ave. Apt. Corp.*, 303 AD2d 556, 557-558 [2003]; *Reilly v DiGiacomo & Son*, 261 AD2d 318 [1999]). While we make no express finding in this regard as to the nature of Maric's liability, Maric is not entitled to conditional summary judgment on its cross claim for common-law indemnification at this time, as Maric failed to make the requisite showings with regard to New York Pre-Cast or New York Steel (*see Benedetto v Carrera Realty Corp.*, 32 AD3d at 875; *Perri v Gilbert Johnson Enters. Ltd.*, 14 AD3d at 684-685; *Priestly v Montefiore Med. Ctr./Einstein Med. Ctr.*, 10 AD3d at 495). Spolzino, J.P., Ritter, Santucci and Carni, JJ., concur.