■ DENNIS BRUNO, Respondent, v BOARD OF EDUCATION OF CENTRAL SCHOOL DISTRICT #5 et al., Defendants, and STALCO CONSTRUCTION, INC., et al., Appellants. (And a Third-Party Action.) [907 NYS2d 23]—

In an action to recover damages for personal injuries, the defendants Stalco Construction, Inc., and Stalco Construction, LLC, appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Spinner J.), dated March 18, 2009, as denied those branches of their cross motion which were for summary judgment dismissing the common-law negligence and Labor Law § 200 causes of action insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff alleges that, while working as a carpenter on a renovation project, he was injured when he fell into a shallow trench. The project involved renovations and additions to several schools within the Sachem Central School District. The defendant Board of Education of Central School District #5 (hereinafter the school district) entered into contracts for additions and alterations at four different elementary schools, including the defendant Tecumseh Elementary School (hereinafter Tecumseh). The defendants Stalco Construction, Inc., and Stalco Construction, LLC, (hereinafter together Stalco) were the prime contractors for general construction. The defendant Preferred Construction, Inc. (hereinafter Preferred), was the plaintiff's employer and a subcontractor of Stalco. The defendant RMT Electric Corp. (hereinafter RMT) was the prime contractor for electrical work. The trench into which the plaintiff fell was created by RMT.

The plaintiff commenced this action against the school district, Tecumseh, and Stalco, inter alia, to recover damages for a violation of Labor Law § 200 and common-law negligence. After Stalco impleaded Preferred and RMT, those parties were also named as direct defendants. Stalco cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. In an order dated March 18, 2009, the Supreme Court, among other things, denied those branches of Stalco's cross motion which were for summary judgment dismissing the common-law negligence and Labor Law § 200 causes of action insofar as asserted against it. We affirm the order insofar as appealed from.

Labor Law § 200 codifies the common-law duty imposed upon an owner or contractor to maintain a safe construction site (*see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343 [1998]; *Colon v Bet Torah, Inc.*, 66 AD3d 731 [2009]; *Lane v Fratello Constr. Co.*, 52 AD3d 575 [2008]). Where, as here, the plaintiff's injuries arose not from the manner in which the work was performed, but rather from an allegedly dangerous condition at the work site, liability under Labor Law § 200 and common-law negligence may be imposed where the defendant had control over the work site and either created or had actual or constructive notice of the dangerous condition (*see Lane v Fratello Constr. Co.*, 52 AD3d at 576; *Morgan v Neighborhood Partnership Hous. Dev. Fund Co., Inc.*, 50 AD3d 866 [2008]; *Nasuro v PI Assoc., LLC*, 49 AD3d 829 [2008]; *Keating v Nanuet Bd. of Educ.*, 40 AD3d 706 [2007]).

Stalco failed to make a prima facie showing of entitlement to judgment as a matter of law dismissing the Labor Law § 200 and common-law negligence causes of action, since it failed to produce competent evidence establishing that it lacked control over the work site or that it lacked actual or constructive notice of the allegedly dangerous condition which caused the plaintiff's injuries (*see Nasuro v PI Assoc., LLC*, 49 AD3d 829 [2008]; *see also Lane v Fratello Constr. Co.*, 52 AD3d at 576; *Morgan v Neighborhood Partnership Hous. Dev. Fund Co., Inc.*, 50 AD3d 866 [2008]; *Keating v Nanuet Bd. of Educ.*, 40 AD3d 706 [2007]). Accordingly, regardless of the adequacy of the papers submitted in opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]), the Supreme Court properly denied those branches of Stalco's cross motion which were for summary judgment dismissing the common-law negligence and Labor Law § 200 causes of action insofar as asserted against it. Mastro, J.P., Covello, Belen and Hall, JJ., concur.