■ FRANCIS SHAUGHNESSY, Respondent, v HUNTINGTON HOSPITAL ASSOCIATION, Doing Business as HUNTINGTON HOSPITAL, et al., Defendants/Third-Party Plaintiffs-Appellants-Respondents, ENERGYWISE, INC., Defendant/Third-Party Defendant-Respondent, and HVAC, INC., Defendant/Third-Party Defendant-Appellant, et al., Third-Party Defendant. [47 NYS3d 121]—

In an action to recover damages for personal injuries, the defendants third-party plaintiffs appeal, as limited by their brief,

from so much of an order of the Supreme Court, Suffolk County (Pitts, J.), entered April 1, 2014, as granted the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against them, and the defendant third-party defendant HVAC, Inc., separately appeals, as limited by its brief, from so much of the same order as denied its motion for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against it and the cross claim and third-party cause of action for common-law indemnification asserted against it, and for conditional summary judgment on its cross claim for common-law indemnification against the defendant third-party plaintiff Axis Construction Corp., and granted the motion of the defendant third-party defendant Energywise, Inc., for summary judgment on its cross claim for contractual indemnification against HVAC, Inc.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against the defendants third-party plaintiffs, and substituting therefor a provision denying that motion, and (2) by deleting the provision thereof granting the motion of the defendant third-party defendant Energywise, Inc., for summary judgment on its cross claim for contractual indemnification against the defendant third-party defendant HVAC, Inc., and substituting therefor a provision denying that motion; as so modified, the order is affirmed, with costs to the defendants third-party plaintiffs payable by the plaintiff.

On May 26, 2010, the plaintiff, a steamfitter, allegedly was injured when he fell from a ladder as he was installing refrigeration piping into a ceiling as part of a renovation project in a hospital owned by the defendant third-party plaintiff Huntington Hospital Association, doing business as Huntington Hospital (hereinafter Huntington Hospital). Huntington Hospital had retained the defendant third-party plaintiff Axis Construction Corp. (hereinafter Axis) to perform the renovation work. Axis subcontracted with the defendant third-party defendant Energywise, Inc. (hereinafter Energywise), to perform, inter alia, work on the air conditioning system. Energywise subcontracted with the defendant third-party defendant HVAC, Inc. (hereinafter HVAC), to perform a portion of its work, and HVAC in turn subcontracted with the third-party defendant Commercial Instrumentation Services, Inc. (hereinafter CIS).

The plaintiff commenced this action to recover damages for personal injuries against Huntington Hospital, Axis, Energywise, and HVAC, alleging, inter alia, violations of Labor Law §§ 240 (1) and 200 and common-law negligence. HVAC asserted, inter alia, a cross claim for common-law indemnification against Axis. Energywise asserted, inter alia, cross claims for contractual and common-law indemnification against HVAC. Axis and Huntington Hospital commenced a third-party action for, inter alia, common-law indemnification against Energywise, HVAC, and CIS.

The plaintiff moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against Huntington Hospital and Axis. HVAC separately moved for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against it and the cross claim and third-party cause of action asserted against it for common-law indemnification, and for conditional summary judgment on its cross claim for common-law indemnification against Axis. Energywise separately moved for summary judgment on its cross claim for contractual indemnification against HVAC.

The Supreme Court granted the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against Huntington Hospital and Axis. The court also granted Energywise's motion for summary judgment on its cross claim for contractual indemnification against HVAC. The court denied HVAC's motion in its entirety.

The Supreme Court improperly granted the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against Huntington Hospital and Axis, since the plaintiff failed to establish his prima facie entitlement to judgment as a matter of law as to that cause of action. "To establish liability pursuant to Labor Law § 240 (1), a plaintiff must 'demonstrate a violation of the statute and that such violation was a proximate cause of his or her injuries' " (*Kupiec v Morgan Contr. Corp.*, 137 AD3d 872, 873 [2016], quoting *Cabrera v Board of Educ. of City of N.Y.*, 33 AD3d 641, 642 [2006]). "A fall from a ladder, by itself, is not sufficient to impose liability under Labor Law § 240 (1). There must be evidence that the subject ladder was defective or inadequately secured and that the defect, or the failure to secure the ladder, was a substantial factor in causing the plaintiff's injuries"

(*Melchor v Singh*, 90 AD3d 866, 868 [2011] [citation omitted]; *see Xidias v Morris Park Contr. Corp.*, 35 AD3d 850, 851 [2006]).

Here, the plaintiff's own submissions demonstrated the existence of triable issues of fact, inter alia, as to how the accident occurred, whether the ladder was inadequately secured, and whether the plaintiff's actions were the sole proximate cause of the accident (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 288-289 [2003]; *Degen v Uniondale Union Free Sch. Dist.*, 114 AD3d 822, 823 [2014]; *Singh v City of New York*, 113 AD3d 605, 606-607 [2014]; *Corchado v 5030 Broadway Props., LLC*, 103 AD3d 768, 769 [2013]; *Robinson v Goldman Sachs Headquarters, LLC*, 95 AD3d 1096, 1097-1098 [2012]). Consequently, the Supreme Court should have denied the plaintiff's motion regardless of the sufficiency of the papers submitted in opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The Supreme Court properly denied that branch of HVAC's motion which was for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against it, albeit on a different ground than that relied on by the court. Labor Law § 200 is a codification of the common-law duty of an owner or general contractor to provide employees with a safe place to work (*see Cooper v State of New York*, 72 AD3d 633, 635 [2010]). "To be held liable under Labor Law § 200 for injuries arising from the manner in which work is performed, a defendant must have the authority to exercise supervision and control over the work" (*Torres v City of New York*, 127 AD3d 1163, 1165 [2015] [internal quotation marks omitted]; *see Ortega v Puccia*, 57 AD3d 54, 61 [2008]). If a plaintiff's injuries stem not from the manner in which the work was being performed, but from a dangerous condition on the premises, a contractor may be held liable in common-law negligence and under Labor Law § 200 if it had control over the work site and either created or had actual or constructive notice of the dangerous condition (*see Abelleira v City of New York*, 120 AD3d 1163, 1164 [2014]; *Bruno v Board of Educ. of Cent. School Dist. #5*, 74 AD3d 1114, 1115 [2010]; *Morgan v Neighborhood Partnership Hous. Dev. Fund Co., Inc.*, 50 AD3d 866, 867 [2008]).

"When an accident is alleged to involve defects in both the premises and the equipment used at the work site, a defendant moving for summary judgment with respect to causes of action alleging a violation of Labor Law § 200 is obligated to address the proof applicable to both liability standards" (*Giovanniello v*

*E.W. Howell, Co., LLC*, 104 AD3d 812, 813-814 [2013]). "A defendant moving for summary judgment in such a case may prevail 'only when the evidence exonerates it as a matter of law for all potential concurrent causes of the plaintiff's accident and injury, and when no triable issue of fact is raised in opposition as to either relevant liability standard' " (*id.* at 814, quoting *Reyes v Arco Wentworth Mgt. Corp.*, 83 AD3d 47, 52 [2011]).

Here, the plaintiff alleged that, in addition to the ladder failing, plastic sheeting that was covering the walls and the floor of the room in which he was working at the time of the accident contributed to the happening of the accident, since his ladder had to be set up on the plastic in order for him to work in the room. In moving for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against it, HVAC failed to eliminate all triable issues of fact as to whether it had the authority to supervise and control the manner in which the plaintiff performed his work and whether it had actual or constructive notice of the alleged condition which caused the plaintiff to fall (*see Niewojt v Nikko Constr. Corp.*, 139 AD3d 1024, 1025 [2016]; *Slikas v Cyclone Realty, LLC*, 78 AD3d 144, 149 [2010]; *Bruno v Board of Educ. of Cent. School Dist. #5*, 74 AD3d at 1115). The evidence submitted by HVAC included the deposition testimony of its chief financial officer (hereinafter CFO), who was also the CFO of CIS. The CFO testified that the supervisor who oversaw the work that the plaintiff was performing at the time of the accident worked for both HVAC and CIS and would only receive checks from CIS for work performed on behalf of either corporation. Moreover, the CFO could not explain why the plaintiff and his partner identified themselves as HVAC employees on the daily sign-in sheets Axis had at the jobsite. The CFO's testimony also established that the supervisor who worked at times for HVAC and at times for CIS was present at the site.

Since HVAC failed to meet its prima facie burden of demonstrating that it lacked the authority to supervise and control the manner in which the plaintiff performed his work and that it did not have actual or constructive notice of the alleged condition which caused the plaintiff to fall, the Supreme Court properly denied that branch of HVAC's motion which was for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against it. For the same reason, the court properly denied that branch of HVAC's motion which was for

summary judgment dismissing the cross claim of Energywise and the third-party cause of action of Axis and Huntington Hospital asserted against it for common-law indemnification.

Further, the Supreme Court properly denied that branch of HVAC's motion which was for conditional summary judgment on its cross claim for common-law indemnification against Axis. In order to establish a claim for common-law indemnification, a party must " 'prove not only that [it was] not negligent, but also that the proposed indemnitor . . . was responsible for negligence that contributed to the accident or, in the absence of any negligence, had the authority to direct, supervise, and control the work giving rise to the injury' " (*Hart v Commack Hotel, LLC*, 85 AD3d 1117, 1118-1119 [2011], quoting *Benedetto v Carrera Realty Corp.*, 32 AD3d 874, 875 [2006]). "Where a defendant's alleged liability is purely statutory and vicarious, conditional summary judgment in that defendant's favor on the basis of common-law indemnification 'is premature absent proof, as a matter of law, that [the party from whom indemnification is sought] was negligent or had authority to direct, supervise, and control the work giving rise to the plaintiff's injury' " (*Nasuro v PI Assoc., LLC*, 49 AD3d 829, 832 [2008], quoting *Benedetto v Carrera Realty Corp.*, 32 AD3d at 875; *see Markey v C.F.M.M. Owners Corp.*, 51 AD3d 734, 738 [2008]; *Yonkolowitz v Phoenix Pharms., Inc.*, 40 AD3d 989, 990 [2007]; *Perri v Gilbert Johnson Enters., Ltd.*, 14 AD3d 681, 685 [2005]).

Here, HVAC failed to establish not only that it was not negligent, but also that Axis was responsible for the negligence that contributed to the accident or, in the absence of any negligence, had the authority to direct, supervise, and control the work giving rise to the plaintiff's injuries (*see Nasuro v PI Assoc., LLC*, 49 AD3d at 832; *Benedetto v Carrera Realty Corp.*, 32 AD3d at 875). Accordingly, HVAC was not entitled to conditional summary judgment on its cross claim for common-law indemnification against Axis. In light of HVAC's failure to meet its prima facie burden, we need not consider the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 853).

However, the Supreme Court erred in granting Energywise's motion for summary judgment on its cross claim seeking contractual indemnification from HVAC. "[T]he right to contractual indemnification depends upon the specific language of the contract" (*Kielty v AJS Constr. of L.I., Inc.*, 83 AD3d 1004, 1006 [2011]; *see Holub v Pathmark Stores, Inc.*, 66 AD3d 741, 742 [2009]). " 'The promise to indemnify should not be found unless it can be clearly implied from the language and

purpose of the entire agreement and the surrounding facts and circumstances' " (*Bleich v Metropolitan Mgt., LLC*, 132 AD3d 933, 934 [2015], quoting *Roldan v New York Univ.*, 81 AD3d 625, 628 [2011]).

The indemnification provision at issue here requires HVAC to indemnify Energywise for "any claims, damages, losses and expenses . . . arising out of or resulting from performance of subcontracted work to the extent caused in whole or in part by [HVAC] or anyone directly or indirectly employed by them," including CIS. Since it has not been determined whether the plaintiff's injuries were caused in whole or in part by Axis or HVAC or CIS, Energywise failed to establish its prima facie entitlement to judgment as a matter of law on its cross claim for contractual indemnification against HVAC (*see Langner v Primary Home Care Servs., Inc.*, 83 AD3d 1007, 1010 [2011]; *D'Angelo v Builders Group*, 45 AD3d 522, 525 [2007]; *Rodriguez v Savoy Boro Park Assoc. Ltd. Partnership*, 304 AD2d 738 [2003]). Consequently, the Supreme Court should not have granted Energywise's motion, regardless of the sufficiency of HVAC's opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 853). Austin, J.P., Cohen, Miller and Duffy, JJ., concur.