Simone v Colin Dev., LLC

2026 NY Slip Op 02143

April 8, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Russell A. Simone, Sr., plaintiff-respondent,

v

Colin Development, LLC, defendant-respondent-appellant, F.W. Sims Group, Inc., et al., defendants-appellants-respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 8, 2026

2022-07309, (Index No. 602301/19)

Mark C. Dillon, J.P.

Paul Wooten

Carl J. Landicino

Donna-Marie E. Golia, JJ.

Eric D. Feldman, Melville, NY (Dominic P. Zafonte of counsel), for defendants-appellants-respondents.

Ahmuty, Demers & McManus, Albertson, NY (Nicholas P. Calabria of counsel), for defendant-respondent-appellant.

Suris & Associates, P.C., Melville, NY (Brian T. Murtha and Susan R. Nudelman of counsel), for plaintiff-respondent.

[*1]

DECISION & ORDER

In an action to recover damages for personal injuries, the defendants F.W. Sims Group, Inc., F.W. Sims Mechanical Services, LLC, and F.W. Sims, LLC, appeal, and the defendant Colin Development, LLC, cross-appeals, from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated August 31, 2022. The order, insofar as appealed from, denied those branches of the motion of the defendants F.W. Sims Group, Inc., F.W. Sims Mechanical Services, LLC, and F.W. Sims, LLC, which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against them and dismissing the cross-claims asserted against them for common-law indemnification and contribution. The order, insofar as cross-appealed from, denied those branches of the cross-motion of the defendant Colin Development, LLC, which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against it and dismissing the cross-claims asserted against it for common-law indemnification and contribution.

ORDERED that the order is affirmed insofar as appealed and cross-appealed from, with costs to the plaintiff.

The plaintiff was employed as an office building's superintendent by nonparty Hauppauge Office Park Associates, LLC (hereinafter HOP), which owned the office building complex where the office building was located. HOP had an oral contract with the defendant Colin Development, LLC (hereinafter Colin), whereby Colin was to act as the property manager for the office buildings. The defendants F.W. Sims Group, Inc., F.W. Sims Mechanical Services, LLC, and F.W. Sims, LLC (hereinafter collectively the Sims defendants), provided HVAC service for the office buildings. The plaintiff allegedly was injured while standing on a ladder attempting to manually turn on an HVAC unit located on the roof of the office building.

The plaintiff commenced this personal injury action against the Sims defendants and Colin, alleging, inter alia, a violation of Labor Law § 200 and common-law negligence. The Sims defendants and Colin asserted cross-claims against each other for, among other things, common-law indemnification and contribution. In April 2022, the Sims defendants moved, inter alia, for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against them and dismissing the cross-claims asserted against them for common-law indemnification and contribution. Colin thereafter cross-moved, among other things, for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against it and dismissing the cross-claims asserted against it for common-law indemnification and contribution. The plaintiff opposed both motions. In an order dated August 31, 2022, the Supreme Court, inter alia, denied those branches of the Sims defendants' motion and those branches of Colin's cross-motion. The Sims defendants appeal, and Colin cross-appeals.

"Labor Law § 200 is a codification of the common-law duty of owners, contractors, and their agents to provide workers with a safe place to work" (Magistro v New York City Hous. Auth., 235 AD3d 733, 735 [internal quotation marks omitted]; see Novegil-Peralta v Rettig, 240 AD3d 796, 798; Wright v Pennings, 233 AD3d 827, 830). "To be held liable under Labor Law § 200 for injuries arising from the manner in which work is performed, a defendant must have the authority to exercise supervision and control over the work" (Shaughnessy v Huntington Hosp. Assn., 147 AD3d 994, 997 [internal quotation marks omitted]; see Moscati v Consolidated Edison Co. of N.Y., Inc., 168 AD3d 717, 720). "If a plaintiff's injuries stem not from the manner in which the work was being performed, but from a dangerous condition on the premises, a contractor may be held liable in common-law negligence and under Labor Law § 200 if it had control over the work site and either created or had actual or constructive notice of the dangerous condition" (Shaughnessy v Huntington Hosp. Assn., 147 AD3d at 997). "Where . . . an accident is alleged to involve defects in both the premises and the manner in which the work was performed, a defendant moving for summary judgment dismissing a cause of action alleging a violation of Labor Law § 200 is obligated to address the proof applicable to both liability standards" (Mitchell v Caton on the Park, LLC, 167 AD3d 865, 867 [internal quotation marks omitted]; see Rodriguez v HY 38 Owner, LLC, 192 AD3d 839, 841).

Here, the plaintiff alleged that he was injured by both a dangerous condition and the manner in which he was directed to perform the work. In moving for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against them, the Sims defendants failed to eliminate all triable issues of fact as to whether their technician directed the plaintiff to manually turn on the HVAC unit and whether their employee created or had notice of the alleged dangerous condition by setting up the ladder (see Wright v Pennings, 233 AD3d at 830; Moscati v Consolidated Edison Co. of N.Y., Inc., 168 AD3d at 720-721; Shaughnessy v Huntington Hosp. Assn., 147 AD3d at 998). Since the Sims defendants failed to meet their prima facie burden of demonstrating that they lacked the authority to supervise and control the manner in which the plaintiff performed his work and that they did not have actual or constructive notice of the alleged condition which caused the plaintiff to fall, the Supreme Court properly denied those branches of their motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against them.

"Generally, workers' compensation benefits are the sole and exclusive remedy of an employee against an employer or co-employee for injuries sustained in the course of employment" (Chiloyan v Chiloyan, 197 AD3d 612, 614; see Workers' Compensation Law §§ 11, 29[6]; Miolan v Milmar Food Group, LLC, 229 AD3d 696, 697). However, a "person may be deemed to have more than one employer for purposes of the Workers' Compensation Law, a general employer and a special employer" (James v Highland Rehabilitation & Nursing Ctr., 222 AD3d 736, 737 [internal quotation marks omitted]; see Miolan v Milmar Food Group, LLC, 229 AD3d at 697). "A special employee is one who is transferred for a limited time of whatever duration to the service of another" (Narvaez v Petrillo Contr., Inc., 237 AD3d 725, 728 [internal quotation marks omitted]; see Rodriguez v 27-11 49th Ave. Realty, LLC, 222 AD3d 1013, 1014). "'General employment is presumed to continue, but this presumption is overcome upon clear demonstration of surrender of [*2]control by the general employer and assumption of control by the special employer'" (Rodriguez v 27-11 49th Ave. Realty, LLC, 222 AD3d at 1014, quoting Thompson v Grumman Aerospace Corp., 78 NY2d 553, 557; see James v Highland Rehabilitation & Nursing Ctr., 222 AD3d at 737).

"Many factors are weighed in deciding whether a special employment relationship exists, and generally no single one is decisive . . . . Principal factors include who has the right to control the employee's work, who is responsible for the payment of wages and the furnishing of equipment, who has the right to discharge the employee, and whether the work being performed was in furtherance of the special employer's or the general employer's business . . . . The most significant factor is who controls and directs the manner, details, and ultimate result of the employee's work" (Ortega v 669 Meeker Ave., LLC, 191 AD3d 686, 688 [internal quotation marks omitted]; see Chiloyan v Chiloyan, 197 AD3d at 614-615). "The determination of special employment status is usually a question of fact and may only be made as a matter of law where the particular, undisputed critical facts compel that conclusion and present no triable issue of fact" (James v Highland Rehabilitation & Nursing Ctr., 222 AD3d at 737 [internal quotation marks omitted]).

On its cross-motion for summary judgment, Colin failed to establish, prima facie, that the plaintiff was its special employee at the time of the accident and, accordingly, that the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against it were barred by the exclusivity provisions of the Workers' Compensation Law (see Narvaez v Petrillo Contr., Inc., 237 AD3d at 728; James v Highland Rehabilitation & Nursing Ctr., 222 AD3d at 738). While the plaintiff's supervisor testified and averred that the plaintiff's work was solely controlled by employees of Colin, the plaintiff testified, inter alia, that he took instructions for his work from Colin employees as well as HOP owners and/or partners. Since Colin failed to eliminate all triable issues of fact as to the plaintiff's status as its special employee, as it did not submit sufficient evidence to establish, among other things, that it controlled and directed the manner, details, and ultimate result of the plaintiff's work, the Supreme Court properly denied those branches of Colin's cross-motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against it (see Narvaez v Petrillo Contr., Inc., 237 AD3d at 728; James v Highland Rehabilitation & Nursing Ctr., 222 AD3d at 738; Ortega v 669 Meeker Ave., LLC, 191 AD3d at 688-689).

As Colin and the Sims defendants failed to meet their prima facie burdens in moving for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against each of them, the Supreme Court properly denied those branches of their motions which were for summary judgment dismissing the cross-claims asserted against each of them for common-law indemnification and contribution (see Rosario v Horizon Networks, Inc., 240 AD3d 537, 541; Titov v V & M Chelsea Prop., LLC, 230 AD3d 614, 620-621).

The Sims defendants' remaining contention is improperly raised for the first time on appeal.

DILLON, J.P., WOOTEN, LANDICINO and GOLIA, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court