■ DENEE WALLS, Respondent, v CITY OF NEW YORK et al., Respondents, and NEW YORK CITY SCHOOL CONSTRUCTION AUTHORITY, Appellant. [853 NYS2d 122]—

In an action to recover damages for personal injuries, the defendant New York City School Construction Authority appeals from an order of the Supreme Court, Kings County (Hinds-Radix, J.), dated March 2, 2007, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and the motion of the defendant New York City School Construction Authority for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted.

The plaintiff allegedly sustained injuries as a result of slipping on debris on the stairs to the main entrance of P.S. 194, where her son attended school. The Supreme Court denied the motion of the defendant New York City School Construction Authority (hereinafter NYCSCA) for summary judgment, finding there were triable issues of fact.

The NYCSCA made a prima facie showing that it did not create the allegedly dangerous condition, that it had neither actual nor constructive notice of the debris upon which the plaintiff allegedly fell, and that under *Espinal v Melville Snow Contrs.* (98 NY2d 136 [2002]), it owed no duty to the plaintiff, who was not a third-party beneficiary to any alleged contract between it and the Board of Education of the City of New York. In opposition, the plaintiff failed to raise triable issues of fact with respect to notice (*see Brown v Outback Steakhouse,* 39 AD3d 450 [2007]), and as to whether any negligence of NYCSCA created the alleged dangerous condition (*see Espinal v Melville Snow Contrs.,* 98 NY2d 136 [2002]). Mastro, J.P., Santucci, Balkin and Dickerson, JJ., concur.