■ MID-VALLEY OIL COMPANY, INC., Appellant, and WESTPORT INSURANCE CORPORATION, as Subrogee of MID-VALLEY OIL COMPANY, INC., Intervenor-Appellant, v HUGHES NETWORK SYSTEMS, INC., Defendant and Third-Party Plaintiff-Respondent. NORTH STAR VIDEO, INC., Third-Party Defendant-Respondent. [863 NYS2d 244]—

In an action, inter alia, for common-law and contractual indemnification, (1) the intervenor plaintiff appeals from so much of an order of the Supreme Court, Orange County (Owen, J.), dated December 22, 2006, as denied its motion for summary judgment on the supplemental complaint, granted that branch of the cross motion of the defendant and third-party plaintiff which was for summary judgment dismissing the supplemental complaint insofar as asserted against it, and granted the motion of North Star Video, Inc., for summary judgment dismissing the supplemental complaint insofar as asserted against it, and (2) the plaintiff appeals, as limited by its brief, from so much of a judgment of the same court entered January 31, 2007, as, upon so much of the order dated December 22, 2006, as denied its motion for summary judgment on the complaint, and granted that branch of the cross motion of the defendant and third-party plaintiff which was for summary judgment dismissing the complaint insofar as asserted against it, is in favor of the defendant and third-party plaintiff and against it dismissing the complaint, and the intervenor plaintiff separately appeals, as limited by its brief, from so much of the same judgment as, upon the order dated December 22, 2006, is in favor of Hughes Network Systems, Inc., and North Star Video, Inc., and against it, dismissing the supplemental complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to Hughes Network Systems, Inc., and North Star Video, Inc., payable by the appellants.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeals from the judgment (CPLR 5501 [a] [1]).

This action, inter alia, for common-law and contractual indemnification arises from an underlying personal injury action in which a worker was injured while installing satellite equipment. The injured worker was employed by the third-party defendant, North Star Video, Inc. (hereinafter North Star), while working on property belonging to the plaintiff, Mid-Valley Oil Company, Inc. (hereinafter Mid-Valley). Under a contract between the defendant and third-party plaintiff, Hughes Network Systems, Inc. (hereinafter Hughes), and North Star, North Star was hired to perform the installation work. In the underlying action, the injured worker obtained a judgment against Mid-Valley. In this action, Mid-Valley and the intervenor plaintiff, Westport Insurance Corporation, as subrogee of the plaintiff Mid-Valley Oil Company, Inc. (hereinafter Westport), seek, inter alia, common-law and contractual indemnification from Hughes. Hughes, in turn, impleaded North Star, seeking indemnification.

While an owner who establishes that its liability pursuant to Labor Law § 240 (1) is purely statutory and vicarious may obtain common-law indemnification (*see Perri v Gilbert Johnson Enters., Ltd.*, 14 AD3d 681, 684-685 [2005]; *Storms v Dominican Coll. of Blauvelt*, 308 AD2d 575, 577 [2003]; *see generally Berenson v Jericho Water Dist.*, 33 AD3d 574 [2006]), such owner must also prove that the proposed indemnitor was guilty of some negligence that caused or contributed to the accident or, in the absence of any negligence, that the proposed indemnitor had the authority to direct, supervise, and control the work giving rise to the injury (*see Perri v Gilbert Johnson Enters., Ltd.*, 14 AD3d at 684-685). Hughes established its entitlement to judgment as a matter of law on that branch of its cross motion which was for summary judgment dismissing the causes of action for common-law indemnification asserted by Westport

and Mid-Valley against it. Hughes demonstrated, prima facie, that it neither was negligent nor had the authority to direct, supervise, or control the work giving rise to the injury (*see Benedetto v Carrera Realty Corp.*, 32 AD3d 874, 875-876 [2006]; *Perri v Gilbert Johnson Enters., Ltd.*, 14 AD3d at 684-685). In opposition to that branch of the cross motion, Westport and Mid-Valley failed to raise a triable issue of fact as to whether Hughes either was negligent or had the authority to direct, supervise, or control the work giving rise to the injury (*see Benedetto v Carrera Realty Corp.*, 32 AD3d at 875-876; *Perri v Gilbert Johnson Enters., Ltd.*, 14 AD3d at 684-685). Accordingly, the Supreme Court properly dismissed the claims for common-law indemnification against Hughes that were asserted by Westport and Mid-Valley.

Mid-Valley's claim for contractual indemnification against Hughes also was properly dismissed. Mid-Valley failed to demonstrate that it was a third-party beneficiary of a certain contract (hereinafter the Mobil/Hughes contract) between Hughes and Mobil Oil Corporation. Hughes established, prima facie, that its obligations under the Mobil/Hughes contract for indemnification and to procure liability insurance did not inure to the benefit of Mid-Valley (*see generally Mendel v Henry Phipps Plaza W., Inc.*, 6 NY3d 783, 786 [2006]; *Burns Jackson Miller Summit & Spitzer v Lindner*, 59 NY2d 314, 336 [1983]; *Walls v City of New York*, 48 AD3d 792 [2008]). In opposition, Mid-Valley failed to raise a triable issue of fact (*see generally Mendel v Henry Phipps Plaza W., Inc.*, 6 NY3d at 786; *Burns Jackson Miller Summit & Spitzer v Lindner*, 59 NY2d at 336; *Walls v City of New York*, 48 AD3d 792 [2008]).

Westport's claim for contractual indemnification against North Star also was properly dismissed. Westport failed to demonstrate that it was a third-party beneficiary of a certain contract between Hughes and North Star (hereinafter the Hughes/NS contract). North Star established, prima facie, that the Hughes/NS contract expressly provided that there were no third-party beneficiaries thereunder (*see generally Mendel v Henry Phipps Plaza W., Inc.*, 6 NY3d at 786; *Burns Jackson Miller Summit & Spitzer v Lindner*, 59 NY2d at 336; *Walls v City of New York*, 48 AD3d 792 [2008]). In opposition to North Star's prima facie showing on this claim, Westport failed to raise a triable issue of fact (*see generally Mendel v Henry Phipps Plaza W., Inc.*, 6 NY3d at 786; *Burns Jackson Miller Summit & Spitzer v Lindner*, 59 NY2d at 336; *Walls v City of New York*, 48 AD3d 792 [2008]).

The parties' remaining contentions either are without merit

or need not be reached in light of our determination. Skelos, J.P., Santucci, Balkin and Chambers, JJ., concur.