Carrillo v 457-467 Atl., LLC (2021 NY Slip Op 02378)





Carrillo v 457-467 Atl., LLC


2021 NY Slip Op 02378


Decided on April 21, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 21, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
ROBERT J. MILLER
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2018-05412
 (Index No. 500402/11)

[*1]Miguel Carrillo, plaintiff-respondent,
v
457-467 Atlantic, LLC, et al., defendants, Doshi Diagnostic Imaging Services, P.C., et al., defendants third-party plaintiffs-respondents; Universal Shielding Corp., third-party defendant-appellant.


O'Connor Redd Orlando LLP, Port Chester, NY (Steven M. O'Connor, Marie R. Hodukavich, and Jerri DeCamp of counsel), for third-party defendant-appellant.
Silberstein Awad & Miklos, P.C., Garden City, NY (James Y. Kim of counsel), for plaintiff-respondent.
Kowalski & DeVito (McGaw, Alventosa & Zajac, Jericho, NY [Andrew Zajac], of counsel), for defendants third-party plaintiffs-respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the third-party defendant appeals from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated March 9, 2018. The order, insofar as appealed from, denied those branches of the third-party defendant's motion which were for summary judgment dismissing the third-party causes of action for contribution and common-law indemnification.
ORDERED that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the plaintiff and the defendants third-party plaintiffs appearing separately and filing separate briefs, and those branches of the third-party defendant's motion which were for summary judgment dismissing the third-party causes of action for contribution and common-law indemnification are granted.
In June 2011, the plaintiff commenced this action to recover damages for personal injuries he alleged he incurred when he was working on a renovation project for the defendant Concept to Completion Partners, Inc. (hereinafter Concept), the general contractor for the renovation project, which was located at property owned by the defendant Stand Up Management, LLC (hereinafter Stand Up). According to the plaintiff, the area being renovated was to be a radiology practice operated by the defendant Doshi Diagnostic Imaging Services, P.C. (hereinafter Doshi). The plaintiff alleged that, in January 2011, he was injured at the site when he, his supervisor, and a coworker attempted to move a bundle of steel shielding panels (hereinafter metal sheets) that had been placed against a concrete wall by the third-party defendant, Universal Shielding Corp. (hereinafter Universal), and the bundle of metal sheets fell on the plaintiff's foot and ankle. [*2]According to the plaintiff, the metal sheets, which had been leaning against the wall for three or four days, were in the area where the plaintiff was supposed to frame a new interior wall.
Doshi and Stand Up commenced a third-party action against Universal, alleging causes of action for: (1) contribution; (2) common-law indemnification; (3) contractual indemnification; and (4) breach of contract to procure insurance coverage. Subsequently, Universal moved for summary judgment dismissing the third-party complaint. As is relevant to this appeal, in an order dated March 9, 2018, the Supreme Court denied those branches of Universal's motion which were for summary judgment dismissing the third-party causes of action for contribution and common-law indemnification. Universal appeals.
"A party can establish its prima facie entitlement to judgment as a matter of law dismissing a cause of action for common-law indemnification, arising out of a workplace injury, asserted against it by establishing that it was not negligent, and that it did not have the ability to direct, supervise, or control the work giving rise to the injury" (Council on Foreign Relations, Inc. v ABC Interiors Unlimited, Inc., 189 AD3d 1168, 1168; see e.g. Mid-Valley Oil Co., Inc. v Hughes Network Sys., Inc., 54 AD3d 394, 395-396).
Here, Universal established its prima facie entitlement to judgment as a matter of law dismissing the third-party cause of action for common-law indemnification by submitting, among other things, an affidavit of an officer of Universal, and the transcript of the plaintiff's deposition testimony. Universal demonstrated that it did not employ the plaintiff, his supervisor, or his coworker, did not have employees at the construction site on the day of the accident, and did not have the ability to direct, supervise, or control the work of the Concept crew (see Council on Foreign Relations, Inc. v ABC Interiors Unlimited, Inc., 189 AD3d at 1168; Mid-Valley Oil Co., Inc. v Hughes Network Sys., Inc., 54 AD3d at 395-396). Universal also demonstrated that its general practice for storing bundles of metal sheets, such as the ones at issue here was to either stack them flat or lean them against a wall. The plaintiff testified that the bundle of metal sheets had been leaning against the concrete wall without incident for three or four days before the accident. Universal also established, through the deposition testimony of the plaintiff, that the bundle of metal sheets moved and fell on him only because he, his supervisor, and his coworker attempted to move it (see Ochoa-Hoenes v Finkelstein, 172 AD3d 1080, 1080-1081; Abbadessa v Ulrik Holding, 244 AD2d 517, 518).
In opposition, Doshi and Stand Up failed to raise a triable issue of fact (see Mid-Valley Oil Co., Inc. v Hughes Network Sys., Inc., 54 AD3d at 396). Accordingly, the Supreme Court should have granted that branch of Universal's motion which was for summary judgment dismissing the third-party cause of action for common-law indemnification.
A party moving for summary judgment dismissing a third-party cause of action for contribution establishes its prima facie entitlement to judgment as a matter of law by demonstrating that it did not owe or breach a duty of reasonable care to the plaintiff, or a duty of reasonable care independent of its contractual obligations (see Morris v Home Depot USA, 152 AD3d 669, 673; see also Cutler v Thomas, 171 AD3d 860, 861).
Here, Universal established, prima facie, that it did not breach any duty owed to the plaintiff (see Cutler v Thomas, 171 AD3d at 861). Universal demonstrated that the bundle of metal sheets was stable against the concrete wall and only fell because of the actions of the plaintiff, his supervisor, and his coworker. In addition, Universal established that it did not owe Doshi or Stand Up a duty of care independent of any contractual duties it owed pursuant to its proposal (see Morris v Home Depot USA, 152 AD3d at 673). In opposition, the plaintiff, Doshi, and Stand Up failed to raise a triable issue of fact (see Cutler v Thomas, 171 AD3d at 862). Accordingly, the Supreme Court should have granted that branch of Universal's motion which was for summary judgment dismissing the third-party cause of action for contribution.
The remaining contentions of the plaintiff, Doshi, and Stand Up are either without [*3]merit or not properly before this Court.
MASTRO, A.P.J., MILLER, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court