Keller v Rippowam Cisqua Sch. (2022 NY Slip Op 04959)

Keller v Rippowam Cisqua Sch.

2022 NY Slip Op 04959

Decided on August 17, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 17, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
DEBORAH A. DOWLING, JJ.

2020-01965
 (Index No. 66626/16)

[*1]Robert Keller, plaintiff, 
v
Rippowam Cisqua School, et al., defendants third-party plaintiffs-respondents; Kane Contracting, Inc., third-party defendant-appellant.

Lewis Brisbois Bisgaard & Smith, LLP, New York, NY (Kristen A. Carroll and Nicholas Hurzeler of counsel), for third-party defendant-appellant.
Marks, O'Neill, O'Brien, Doherty & Kelly, P.C., Elmsford, NY (Lynn Abelson Liebman, David Gorelick, and Gabriella Manganiello of counsel), for defendants third-party plaintiffs-respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the third-party defendant appeals from an order of the Supreme Court, Westchester County (Mary H. Smith, J.), dated February 11, 2020. The order, insofar as appealed from, denied the motion of the third-party defendant for summary judgment dismissing the third-party complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In August 2016, the plaintiff, while employed by nonparty Specialty Trades Contracting, LLC, fell from a ladder while working at a job site at the premises of the defendant third-party plaintiff Rippowam Cisqua School (hereinafter RCS). Portions of the premises were undergoing renovations and demolition at the time of the accident. The defendant third-party plaintiff Consigli Construction Co., Inc. (hereinafter Consigli), was the general contractor on that project. Consigli had hired the third-party defendant, Kane Contracting, Inc. (hereinafter Kane), to perform certain abatement and demolition work.
The plaintiff commenced the instant action against RCS and Consigli to recover damages for personal injuries, alleging, inter alia, violations of Labor Law §§ 200, 240(1), and 241(6). RCS and Consigli thereafter commenced a third-party action against Kane, asserting causes of action for common-law and contractual indemnification, and contribution. Subsequently, Kane moved for summary judgment dismissing the third-party complaint. In an order dated February 11, 2020, the Supreme Court, inter alia, denied Kane's motion. Kane appeals.
The Supreme Court properly denied that branch of Kane's motion which was for summary judgment dismissing the third-party cause of action for contractual indemnification. "A party's right to contractual indemnification depends upon the specific language of the relevant contract" (Gurewitz v City of New York, 175 AD3d 658, 664; see O'Donnell v A.R. Fuels, Inc., 155 AD3d 644, 645). Here, the subcontract between Kane and Consigli provided that Kane was required to indemnify Consigli and RCS for, inter alia, injuries "arising out of [Kane's] performance of its [*2]Work under th[e] Subcontract caused, in whole or in part, by the acts or omissions of [Kane]," and injuries "arising out of or in consequence of the acceptability, fitness, sufficiency, performance, or non-performance of [Kane's] Work or materials furnished." Contrary to Kane's contention, Kane failed to establish, prima facie, that the plaintiff's alleged injuries were not caused by a ladder that Kane owned or furnished, or that the plaintiff's accident did not arise out of Kane's work. Therefore, Kane failed to demonstrate its prima facie entitlement to judgment as a matter of law dismissing the third-party cause of action for contractual indemnification (cf. Gurewitz v City of New York, 175 AD3d at 664).
The Supreme Court also properly denied those branches of Kane's motion which were for summary judgment dismissing the third-party causes of action for common-law indemnification and contribution. "A party can establish its prima facie entitlement to judgment as a matter of law dismissing a cause of action for common-law indemnification, arising out of a workplace injury, asserted against it by establishing that it was not negligent, and that it did not have the [ability] to direct, supervise, or control the work giving rise to the injury" (Council on Foreign Relations, Inc. v ABC Interiors Unlimited, Inc., 189 AD3d 1168, 1168; see Carrillo v 457-467 Atl., LLC, 193 AD3d 911; Mid-Valley Oil Co., Inc. v Hughes Network Sys., Inc., 54 AD3d 394, 395-396). Here, Kane failed to establish, prima facie, that it was not negligent. Accordingly, Kane failed to establish its prima facie entitlement to judgment as a matter of law dismissing the third-party cause of action for common-law indemnification (see Council on Foreign Relations, Inc. v ABC Interiors Unlimited, Inc., 189 AD3d at 1168; see also Debennedetto v Chetrit, 190 AD3d 933). Similarly, a party moving for summary judgment dismissing a claim for contribution must make a prima facie showing that it did not owe a duty of reasonable care independent of its contractual obligations, or a duty of reasonable care to the plaintiff (see Morris v Home Depot USA, 152 AD3d 669, 673; Guerra v St. Catherine of Sienna, 79 AD3d 808, 809). Contrary to Kane's contention, the evidence proffered by Kane in support of its motion failed to establish, prima facie, that Kane did not own the ladder at issue, that it did not set up that ladder, and that it did not, through its work, cause or contribute to the accident (cf. Desena v North Shore Hebrew Academy, 119 AD3d 631, 636; Simon v Granite Bldg. 2, LLC, 114 AD3d 749, 753).
Accordingly, the Supreme Court properly denied Kane's motion for summary judgment dismissing the third-party complaint, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Kane's remaining contention, raised for the first time on appeal, is not properly before this Court (see Viafax Corp. v Citicorp Leasing, Inc., 54 AD3d 846, 849; see also Leem v 152-24 N., LLC, 201 AD3d 918).
BARROS, J.P., CHAMBERS, MILLER and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court