Flood v Ahern Painting Contrs., Inc (2023 NY Slip Op 04656)

Flood v Ahern Painting Contrs., Inc

2023 NY Slip Op 04656

Decided on September 20, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 20, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LARA J. GENOVESI
BARRY E. WARHIT
LILLIAN WAN, JJ.

2020-09654
 (Index No. 145/14)

[*1]Hughie Flood, plaintiff, 
v
Ahern Painting Contractors, Inc., et al., defendants third-party plaintiffs, et al., defendant; Nuco Painting Corp., third-party defendant/second third-party plaintiff-respondent; Greenman-Pedersen, Inc., second third-party defendant-appellant.

Martyn, Martyn, Smith, Murray and Yong, Mineola, NY (Thomas P. Ram of counsel), for second third-party defendant-appellant.
Fuchs Rosenzweig, PLLC, New York, NY (Cheryl Fuchs of counsel), for third-party defendant/second third-party plaintiff-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the second third-party defendant, Greenman-Pederson, Inc., appeals from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), entered August 14, 2020. The order denied the motion of the second third-party defendant for summary judgment dismissing the second third-party complaint and to impose sanctions pursuant to CPLR 8303-a against the third-party defendant/second third-party plaintiff, Nuco Painting Corp.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained when he slipped and fell from a bridge cable that was painted and treated in a defective manner while working as a bridge painter on the Brooklyn Bridge Rehabilitation and Painting Project for his employer, nonparty New York City Department of Transportation, Division of Bridges (hereinafter NYCDOT). The plaintiff alleged violations of Labor Law §§ 200, 240(1), and 241(6), and common-law negligence against the general contractor for the project, the defendant Skanska USA, Inc. (hereinafter Skanska), and the painting contractors hired by Skanska, Ahern Painting Contractors, Inc. (hereinafter Ahern Painting), and T.A. Ahern Contractors Corp. (hereinafter T.A. Ahern).
Ahern Painting and T.A. Ahern commenced a third-party action against Nuco Painting Corp. (hereinafter Nuco), who was hired by Ahern Painting to perform certain painting work on the project. Nuco commenced a second-third party action sounding in common-law indemnification and contribution against Greenman-Pederson, Inc. (hereinafter GPI), which was the engineering and consulting firm hired by NYCDOT to perform resident engineering inspection services for it on the project pursuant to a written contract. Nuco alleged in the second third-party complaint, inter alia, that GPI exercised control over the method of work and materials used at the [*2]bridge project, and that its negligence contributed to the happening of the accident. GPI moved for summary judgment dismissing the second third-party complaint and to impose sanctions pursuant to CPLR 8303-a against Nuco. In an order entered August 14, 2020, the Supreme Court denied GPI's motion. GPI appeals. We affirm.
"'A party can establish its prima facie entitlement to judgment as a matter of law dismissing a cause of action for common-law indemnification, arising out of a workplace injury, asserted against it by establishing that it was not negligent, and that it did not have the [ability] to direct, supervise, or control the work giving rise to the injury'" (Keller v Rippowam Cisqua Sch., 208 AD3d 654, 655, quoting Council on Foreign Relations, Inc. v ABC Interiors Unlimited, Inc., 189 AD3d 1168, 1168). Further, a party can establish its prima facie entitlement to judgment as a matter of law dismissing a cause of action for contribution by showing that the work it performed did not cause or contribute to the happening of the accident (see Simon v Granite Bldg. 2, LLC, 114 AD3d 749, 755), or that "it did not owe a duty of reasonable care independent of its contractual obligations, or a duty of reasonable care to the plaintiff" (Burgos v 14 E. 44 St., LLC, 203 AD3d 688, 690).
Here, in support of that branch of its motion which was for summary judgment dismissing the second third-party complaint, GPI contended that it was protected from liability for a violation of Labor Law § 241(6) by Labor Law § 241(9), which, inter alia, exempts professional engineers from liability for noncompliance with Labor Law § 241(6) when they "do not direct or control the work for activities other than planning and design" (id. § 241[9]). GPI also contended that it cannot be held liable under Labor Law §§ 200 and 240(1) because it lacked the requisite level of supervisory control and authority over the bridge painting work that gave rise to the plaintiff's alleged injuries (see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 505; Russin v Louis N. Picciano & Son, 54 NY2d 311, 317-318; Samaroo v Patmos Fifth Real Estate, Inc., 102 AD3d 944, 946). GPI additionally contended that it did not contribute to the happening of the subject accident by launching a force or instrument of harm with regard to the painted condition of the bridge cable (see Espinal v Melville Snow Contrs., 98 NY2d 136, 140-142; Canciani v Stop & Shop Supermarket Co., LLC, 203 AD3d 1011, 1012-1013).
In support of its contentions, GPI submitted, inter alia, a copy of its contract with NYCDOT and an affidavit from GPI's vice president who was present on the job site during the relevant time period. Contrary to GPI's contentions, it failed to meet its burden of eliminating all triable issues of fact, among other things, as to its entitlement to the exemption set forth under Labor Law § 241(9), its authority to direct or control the work that allegedly gave rise to the accident, and whether it contributed to the happening of the accident (see Kavouras v Steel-More Contr. Corp., 192 AD3d 782). Accordingly, that branch of GPI's motion which was for summary judgment dismissing the second third-party complaint was correctly denied, regardless of the sufficiency of Nuco's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
GPI's remaining contention is without merit.
BRATHWAITE NELSON, J.P., GENOVESI, WARHIT and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court