Zhao Ming Lu v Jackson Ht. Roosevelt Dev. II, LLC (2024 NY Slip Op 05371)

Zhao Ming Lu v Jackson Ht. Roosevelt Dev. II, LLC

2024 NY Slip Op 05371

Decided on October 30, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 30, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
LINDA CHRISTOPHER
WILLIAM G. FORD
LAURENCE L. LOVE, JJ.

2023-03907
 (Index No. 707312/17)

[*1]Zhao Ming Lu, plaintiff, 
v
Jackson Ht. Roosevelt Development II, LLC, defendant second third-party plaintiff, Reliable NYC Construction, Inc., defendant third third-party plaintiff-respondent, All State 12 General Contracting Corp., defendant third-party plaintiff-respondent; Mandarin Enterprises II, Inc., third-party defendant/second third-party defendant/third third-party defendant-respondent, Soil Solutions, Inc., third-party defendant/second third-party defendant/third third-party defendant-appellant (and another third-party action).

Stonberg Hickman & Pavloff LLP, New York, NY (Kevin A. Hickman of counsel), for third-party defendant/second third-party defendant/third third-party defendant-appellant.
Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet, LLP, Farmingdale, NY (Lindsay R. Kaplow of counsel), for defendant third third-party plaintiff-respondent.
Brian Rayhill, Garden City, NY (Eric L. Cooper of counsel), for defendant third-party plaintiff-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the third-party defendant/second third-party defendant/third third-party defendant Soil Solutions, Inc., appeals from an order of the Supreme Court, Queens County (Lourdes M. Ventura, J.), entered April 11, 2023. The order denied the motion of the third-party defendant/second third-party defendant/third third-party defendant Soil Solutions, Inc., for summary judgment dismissing all third-party complaints insofar as asserted against it.
ORDERED that the order is modified, on the law, by deleting the provisions thereof denying those branches of the motion of the third-party defendant/second third-party defendant/third third-party defendant Soil Solutions, Inc., which were for summary judgment dismissing the third-party causes of action for contractual and common-law indemnification insofar as asserted against it, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained when he tripped on a portion of sidewalk near the entrance to a construction site located in Flushing (hereinafter the construction site). The second amended complaint sought only [*2]to recover damages for negligence and was asserted against the owner of the construction site, the defendant second third-party plaintiff, Jackson Ht. Roosevelt Development II, LLC (hereinafter Jackson Development), the general contractor for the construction project, the defendant third third-party plaintiff, Reliable NYC Construction, Inc. (hereinafter Reliable), and a contractor, the defendant third-party plaintiff, All State 12 Contracting Corp. (hereinafter All State).
All State commenced a third-party action against the former general contractor for the construction project, Mandarin Enterprises II, Inc. (hereinafter Mandarin), and a subcontractor, Soil Solutions, Inc. (hereinafter Soil Solutions), asserting causes of action for common-law indemnification and contribution. Jackson Development commenced a second third-party action against Mandarin and Soil Solutions, asserting causes of action for contribution and contractual and common-law indemnification. Reliable commenced a third third-party action against Mandarin and Soil Solutions, alleging common-law indemnification and contribution. Soil Solutions moved for summary judgment dismissing all third-party complaints insofar as asserted against it. In an order entered April 11, 2023, the Supreme Court denied the motion. Soil Solutions appeals.
"[A] party can establish its prima facie entitlement to judgment as a matter of law dismissing a cause of action for contribution by showing that the work it performed did not cause or contribute to the happening of the accident" (Flood v Ahern Painting Contrs., Inc., 219 AD3d 1408, 1409; see Simon v Granite Bldg. 2, LLC, 114 AD3d 749, 755). Here, Soil Solutions failed to eliminate a triable issue of fact as to whether, by driving heavy equipment over the subject sidewalk, it contributed to the plaintiff's accident. Accordingly, the Supreme Court properly denied that branch of the motion of Soil Solutions which was for summary judgment dismissing the third-party causes of action for contribution insofar as asserted against it, regardless of the sufficiency of the papers in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
However, those branches of the motion of Soil Solutions which were for summary judgment dismissing the third-party causes of action for contractual and common-law indemnification insofar as asserted against it should have been granted. A promise in connection with a contract relative to the construction of a building purporting to indemnify or hold harmless the promisee against liability for bodily injury caused by the negligence of the promisee is unenforceable (see General Obligations Law § 5-322.1[1]; Brooks v Judlau Contr., Inc., 11 NY3d 204, 207; Brown v Two Exch. Plaza Partners, 76 NY2d 172, 179-180). In addition, "'[t]he predicate of common-law indemnity is vicarious liability without actual fault on the part of the proposed indemnitee, that is, the defendant's role in causing the plaintiff's injury is solely passive, and thus its liability is purely vicarious'" (De Heras v Avant Gardner, LLC, 224 AD3d 883, 884, quoting Santoro v Poughkeepsie Crossings, LLC, 180 AD3d 12, 16). Therefore, "where a party is held liable at least partially because of his own negligence, contribution against other culpable tort-feasors is the only available remedy" (Glaser v Fortunoff of Westbury Corp., 71 NY2d 643, 646; see Balanta v Guo Lin Wu, 220 AD3d 720, 721; Alpha/Omega Concrete Corp. v Ovation Risk Planners, Inc., 197 AD3d 1274, 1281). Here, the plaintiff did not seek to hold Allstate, Reliable, and Jackson Development vicariously liable. Since the liability of the defendants in this action could only be because of their own negligence, the Supreme Court should have granted those branches of the motion of Soil Solutions which were for summary judgment dismissing the third-party causes of action for contractual and common-law indemnification insofar as asserted against it.
LASALLE, P.J., CHRISTOPHER, FORD and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court