Benitez v LMV II MMP Holdings, LP (2025 NY Slip Op 51065(U))

[*1]

Benitez v LMV II MMP Holdings, LP

2025 NY Slip Op 51065(U)

Decided on June 30, 2025

Supreme Court, Westchester County

Torrent, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 30, 2025
Supreme Court, Westchester County

Manuel Benitez and NOHEMY MARTINEZ, Plaintiffs,

against
LMV II MMP Holdings, LP and KATERRA CONSTRUCTION, LLC, Defendants.
LMV II MMP HOLDINGS, LP and KATERRA CONSTRUCTION, LLC, Third-Party Plaintiffs,
against
COSTA ELECTRICAL CONTRACTORS CORP., Third-Party Defendant. 
COSTA ELECTRICAL CONTRACTORS CORP., Second Third-Party Plaintiff,
against
SKYVIEW CONCRETE LLC, Second Third-Party Defendant. 
LMV II MMP HOLDINGS , LP and KATERRA CONSTRUCTION, LLC, Third Third-Party Plaintiffs.
against
SKYVIEW CONCRETE LLC, Third Third-Party Defendant.

Index No. 60001/2020

FOR PLAINTIFF JOHN M. SHAW, ESQ.
GORAYEB & ASSOCIATES, P.C.
100 William Street, Suite 1900
New York, New York 10038
FOR LMV II MMP HOLDINGS, LP and KATERRA CONSTRUCTION, LLC
TYLER J. MARTIN, ESQ.
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
1133 Westchester Avenue
White Plains, New York 10604
FOR COSTA ELECTRICAL CORP.
ANTHONY RUGGERI, ESQ.
O'CONNOR REDD ORLANDO
242 King Street
Port Chester, New York 10573
FOR SKYVIEW CONCRETE LLC
ROBERT C. BAXTER, ESQ.
BAXTER & SMITH, P.C.
99 North Broadway
Hicksville, New York 11081

Damaris E. Torrent, J.

The following papers numbered 1 to 119 were read on the motions by second-and-third third-party defendant Skyview Concrete LLC (Skyview) for (Seq. No. 3) an order granting it summary judgment dismissing the second third-party complaint of Costa Electrical Contractors Corp. (Costa), together with any counterclaims or cross-claims and (Seq. No. 4) an order granting it summary judgment dismissing the third third-party complaint of LMV II MMP Holdings, LP (LMV) and Katerra Construction, LLC (Katerra), together with any counterclaims or cross-claims; (Seq. No. 5) Costa's motion for an order granting it summary judgment dismissing the third-party complaint of LMV and Katerra, together with any counterclaims or cross-claims; and (Seq. No. 6) plaintiff's motion for an order granting him summary judgment on the issue of liability on his Labor Law § 240(1) claims against LMV and Katerra:
PAPERS NUMBERED
(Seq. No. 3) Notice of Motion / Affirmation (Baxter) / Exhibits A — Q /
Memorandum of Law 1 — 20
Affirmation in Opposition (Ruggeri) / Exhibits A — I 21 — 30
Reply Affirmation (Baxter) 31
(Seq. No. 4) Notice of Motion / Affirmation (Baxter) / Exhibits A — N /
Memorandum of Law 32 — 48
Affirmation in Opposition (Martin) / Exhibit A 49 — 50
Reply Affirmation (Baxter) / Exhibit 1 51 — 52
(Seq. No. 5) Notice of Motion / Affirmation (Ruggeri) / Exhibits A — HH 53 — 88
Skyview Affirmation in Partial Opposition (Baxter) / Exhibit A 89 — 90
LMV/Katerra Affirmation in Opposition (Martin) / Exhibit A 91 — 92
Affirmation in Reply to Skyview's Opposition (Ruggeri) / Exhibit A 92 — 93
Affirmation in Reply to LMV/Katerra's Opposition (Ruggeri) / Exhibit A 94 — 95
(Seq. No. 6) Notice of Motion / Affirmation (Shaw) / Exhibits 1 — 16 /
Memorandum of Law 96 — 114
Skyview Affirmation in Opposition (Baxter) / Exhibit A 115 — 116
LMV/Katerra Affirmation in Opposition (Martin) 117
Reply Affirmation (Shaw) / Exhibit A 118 — 119
Upon the foregoing papers, Skyview's motions (Seq. Nos. 3 and 4) are denied; Costa's motion (Seq. No. 5) is granted in part and denied in part; and plaintiff's motion (Seq. No. 6) is granted.
In this action for personal injuries arising out of a workplace accident, which occurred when plaintiff fell into an opening in a concrete slab, the parties seek orders granting summary judgment as indicated above. The Court has fully considered the submissions of the parties.
The court's function on these motions for summary judgment is issue finding rather than issue determination (Sillman v Twentieth Century Fox Film Corp., 3 NY2d 395 [1957]). "[T]he proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact. . . . Failure to make such prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers. . . . Once this showing has been made, however, the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action" (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986] [citations omitted]) .
Since summary judgment is a drastic remedy, it should not be granted where there is any doubt as to the existence of a triable issue (Rotuba Extruders v Ceppos, 46 NY2d 223 [1978]). The burden on the movant is a heavy one, and the facts must be viewed in the light most favorable to the non-moving party (Jacobsen v New York City Health & Hosps. Corp., 22 NY3d 824 [2014]). As stated in Scott v Long Island Power Auth. (294 AD2d 348, 348 [2d Dept. 2002]):
"It is well established that on a motion for summary judgment the court is not to engage in the weighing of evidence. Rather, the court's function is to determine whether 'by no rational process could the trier of facts find for the nonmoving party' (Jastrzebski v North Shore School Dist., 223 AD2d 677, 678 [internal quotation marks omitted]). It is equally well established that the motion should not be granted where the facts are in dispute, where conflicting inferences may be drawn from the evidence, or where there are issues [*2]of credibility (see Dolitsky v Bay Isle Oil Co., 111 AD2d 366)."
Seq. No. 3: Skyview's Motion for Summary Judgment Dismissing Costa's Complaint
Skyview seeks an order granting it summary judgment dismissing Costa's third-party complaint, which seeks common-law indemnification and contribution, together with any counterclaims or cross-claims. Skyview contends that discovery has revealed no evidence of negligence on its part and no evidence that its performance of its work contributed in any way to plaintiff's accident. Skyview contends, on the basis of the deposition testimony of various witnesses, that it had completed its concrete work on the floor upon which the accident occurred, and had turned over that floor to other trades, prior to the date of the accident. Skyview thus concludes that it did not remove and was not responsible for the removal or re-securing of the plywood cover over the opening into which plaintiff fell.
In opposition, Costa contends that Skyview's work was not limited as asserted in the moving papers, and that Skyview in fact was contractually obligated to provide and maintain protection at all slab openings, including plywood hole covers. Costa contends that Skyview's moving papers, by asserting that Skyview had no presence on the subject floor on the date of the accident, establish that Skyview was negligent in failing to fulfill its duty to maintain the covering on the subject opening. Costa further contends that inconsistencies in the testimony of the various witnesses as to which party was responsible for safeguarding cutouts presents credibility issues which must be resolved by the trier of fact.
In reply, Skyview does not address Costa's arguments relating to Skyview's contractual obligation to safeguard the subject opening. Skyview reiterates its position that, in accordance with its general practices, it had completed all of its work on the subject floor and had turned over the floor to other trades, relieving it of any obligation with regard to the subject opening. Skyview thus concludes that it cannot be liable to Costa, as it did not employ the plaintiff, did not have employees performing concrete work on the subject floor at the time of the accident, and did not have the ability to direct, supervise or control the work being performed.
"A party can establish its prima facie entitlement to judgment as a matter of law dismissing the third-party cause of action for common-law indemnification, arising out of a workplace injury, asserted against it by establishing that it was not negligent, and that it did not have the ability to direct, supervise, or control the work giving rise to the injury" (Carrillo v 457-467 Atlantic, LLC, 193 AD3d 911, 912 [2d Dept 2021] [internal quotation marks and citations omitted]). "A party moving for summary judgment dismissing a common-law indemnification claim can meet its prima facie burden by establishing that the plaintiff's accident was not due to its own negligence This may be accomplished by establishing that the moving party had no duty to maintain the area where the plaintiff was allegedly injured Similarly, a party moving for summary judgment dismissing a claim for contribution must make a prima facie showing that it did not owe a duty of reasonable care independent of its contractual obligations, or a duty of reasonable care to the plaintiff" (Burgos v 14 East 44 St., LLC, 203 AD3d 688, 689-690 [2d Dept 2022] [internal quotation marks and citations omitted]).
Skyview on its motion failed to establish its entitlement to judgment as a matter of law dismissing Costa's third-party claims for common-law indemnification and contribution. Although Skyview relies on selected testimony of the various witnesses in support of its assertion that it completed its work on the subject floor and turned over that floor to other trades, [*3]and it thus had no duty to maintain a secure covering on the subject opening, its papers do not address the provision in its contract requiring it to "provide and maintain protection required for the work of this contract including, but not limited to, all OSHA protection at all slab openings plywood hole covers, etc." (NYSCEF Doc. # 130 at Line 329). In light of Skyview's assertion that it had no presence on the subject floor on the date of the accident, viewing the evidence in the light most favorable to the non-moving party, as the Court must on this motion, a reasonable jury could conclude that the happening of the accident was occasioned, in whole or in part, by Skyview's negligence in discharging its duty to maintain the plywood cover on the subject opening. The motion thus is denied.
 
Seq. No. 4: Skyview's Motion for Summary Judgment Dismissing LMV/Katerra's Complaint
Skyview seeks an order granting it summary judgment dismissing LMV/Katerra's third-party complaint, which seeks contractual and common-law indemnification and contribution and asserts a claim for breach of contract for failure to maintain proper insurance, together with any counterclaims or cross-claims. Skyview contends that discovery has revealed no evidence of negligence on its part and no evidence that its performance of its work contributed in any way to plaintiff's accident, and that it was not permitted to commence its work prior to procuring the requisite insurance. 
The branches of the motion seeking an order granting summary judgment dismissing the claims for contractual and common-law indemnification and contribution, together with any counterclaims or cross-claims, are denied for the reasons stated above in the analysis on Seq. No. 3. The branch of the motion seeking an order granting summary judgment dismissing the breach of contract claim is denied, as the moving papers contain no evidence to establish that Skyview maintained the required insurance. Skyview's attempt to cure the deficiency in its reply papers is improper and, in any event, the copy of the insurance policy submitted (NYSCEF Doc. # 305) does not appear to address the umbrella/excess insurance requirements in the underlying contract (NYSCEF Doc. # 231). The motion thus is denied.
 
Seq. No. 5: Costa's Motion for Summary Judgment Dismissing LMV/Katerra's Complaint
Costa, plaintiff's employer, seeks an order granting it summary judgment dismissing LMV/Katerra's third-party complaint, together with any counterclaims or cross-claims. Costa contends that the breach of contract claim should be dismissed, as it maintained the required insurance. With respect to LMV/Katerra's claims for contractual indemnification, Costa contends that plaintiff's accident did not arise out of Costa's work as is required to trigger the contractual indemnification clause. As to LMV/Katerra's common-law claims, Costa contends that same are barred by Workers Compensation Law § 11. Insofar as Skyview asserts a counterclaim and cross-claim for indemnification, Costa contends that there is no contractual basis for such claims, and that common-law claims are barred by the Workers Compensation Law.
In opposition, LMV/Katerra contend that Costa failed to establish that plaintiff's accident did not arise out of Costa's work. They assert that the language of the indemnification provision in the contract is clear and unambiguous, that it does not require a finding of negligence on the part of Costa, and that it merely requires that the claimed injuries arose out of plaintiff's work, which is not in dispute. LMV/Katerra further contends that the breach of contract claim should not be dismissed because, although they do not dispute that Costa maintained the required [*4]insurance, Costa's insurance carrier did not accept their tender for defense and indemnification. LMV/Katerra in their opposition do not address Costa's contentions with respect to their common-law claims.
Workers Compensation Law § 11 provides "immunity from tort liability for employers who provide workers' compensation coverage by exposing employers to third-party liability only in cases involving narrowly defined 'grave' injuries" (Rubeis v Aqua Club Inc., 3 NY2d 408, 415 [2004] [emphasis in original] [internal quotation marks and citation omitted]). As plaintiff has not claimed any injury which would qualify as a grave injury for the purposes of section 11, all common-law claims for indemnification and contribution "become extinguished by statute" (Velasquez-Guadalupe v Ideal Bldrs. and Constr. Servs., Inc., 216 AD3d 63, 71 [2d Dept 2023] [internal quotation marks and citations omitted]). Accordingly, LMV/Katerra's claims for common-law indemnification and contribution are dismissed.
With respect to LMV/Katerra's claims for contractual indemnification, the applicable contractual provision requires Costa to indemnify Katerra for all losses "arising out of, or resulting from (Costa's) work, or the work of (Costa's) subcontractors, sub-subcontractors, lower-tier suppliers, materialmen or any other contractors retained by (Costa)" (NYSCEF Doc. # 167 at Art. 18.1). "The phrase 'arising out of' has been interpreted by this Court to mean originating from, incident to, or having connection with, and requires only that there be some causal relationship between the injury and the risk for which coverage is provided" (Worth Const. Co., Inc. v Admiral Ins. Co., 10 NY3d 411, 415 [2008] [internal quotation marks and citations omitted]). "Generally, the absence of negligence, by itself, is insufficient to establish that an accident did not 'arise out of' an insured's operations The focus of a clause such as the additional insured clause here is not on the precise cause of the accident but the general nature of the operation in the course of which the injury was sustained" (id. at 416 [internal quotation marks and citations omitted]). The mere fact that an injured plaintiff was injured in the course of performing work in furtherance of the subcontractor/employer's obligations under the subject contract has been held sufficient to raise triable issues of fact as to whether the employer is required to indemnify the general contractor (Castro v Wythe Gardens, LLC, 217 AD3d 822 [2d Dept 2023]). Accordingly, the branch of the motion seeking dismissal of the contractual indemnification claim is denied.
LMV/Katerra's claim for breach of contract in connection with Costa's alleged failure to procure and maintain the required insurance is dismissed. It is undisputed that Costa maintained the required insurance at all times. LMV/Katerra submitted no evidence to support their assertion that Costa's insurance carrier refused to accept their tender for defense and indemnification. In any event, even assuming such a refusal occurred, LMV/Katerra cited, and the Court's research revealed, no case holding that an insurance carrier's refusal of such a tender constitutes a breach by its insured of a contractual provision requiring the insured to maintain insurance. LMV/Katerra's arguments on this issue may be addressed in a claim against Costa's insurance carrier (see e.g. Rodriguez v Savoy Boro Park Assoc. Ltd. Partnership, 304 AD2d 738 [2d Dept 2023]); however, in light of the undisputed fact that Costa maintained the proper insurance, Costa cannot be liable to LMV/Katerra for breach of the contractual provision requiring it to maintain such insurance.
Skyview in its opposition concedes that there is no contract between it and Costa. Insofar as the counterclaim and cross-claim assert any contractual basis for indemnification or contribution, same are dismissed. As discussed above, common-law claims asserted against [*5]Costa are barred by the Workers Compensation Law. Accordingly, all of Skyview's claims against Costa are dismissed.
Insofar as Costa's motion seeks dismissal of claims asserted against it by JM3 Construction LLC (JM3), as all claims involving JM3 have been severed from this action on the ground of prejudicial delay in commencing actions against it, the motion is denied, without prejudice to a future motion after completion of discovery under the applicable severed Index Number.
 
Seq. No. 6: Plaintiff's Motion for Summary Judgment on the Issue of Liability
Plaintiff seeks an order granting him summary judgment on the issue of liability on his Labor Law § 240(1) claims against LMV and Katerra, contending that his fall into an unprotected floor opening establishes liability as a matter of law. In opposition, LMV/Katerra contend that the motion should be denied, as plaintiff at his deposition was not able to precisely identify, by viewing photographs, the specific hole into which he fell. LMV/Katerra further contend that there are issues of fact as to what subcontractor removed and/or failed to secure the covering on the subject opening and whether plaintiff was a recalcitrant worker, in that it is unclear from deposition testimony whether plaintiff stepped on a board which was marked "no step" and thus whether his actions were the sole proximate cause of the accident. Skyview likewise contends that issues of fact as to whether plaintiff's actions were the sole proximate cause of the accident require denial of the motion.
"Labor Law § 240(1) imposes upon owners and general contractors, and their agents, a nondelegable duty to provide safety devices necessary to protect workers from risks inherent in elevated work sites" (McCarthy v Turner Const., Inc., 17 NY3d 369, 374 [2011]). "The legislative purpose behind this enactment is to protect workers by placing ultimate responsibility for safety practices at building construction jobs where such responsibility actually belongs, on the owner and general contractor, instead of on workers, who are scarcely in a position to protect themselves from accident" Rocovich v Consolidated Edison Co., 78 NY2d 509, 513 [1991] [internal quotation marks and citations omitted]). "It is settled that section 240(1) is to be construed as liberally as may be for the accomplishment for which it was thus framed Thus, we have interpreted the section as imposing absolute liability for a breach which has proximately caused an injury. Negligence, if any, of the injured worker is of no consequence" (id. [emphasis in original] [internal quotation marks and citations omitted]).
On the instant motion, arguments as to which subcontractor may have removed and/or failed to secure the covering on the subject opening are not relevant, as the statutory duty owed by the owner and general contractor is nondelegable. Similarly immaterial is plaintiff's inability to precisely identify the opening into which he fell or to recall whether that opening was covered by a board marked "no step" — even assuming plaintiff did step on such a board, it is undisputed that any such board was not properly secured, and that plaintiff was not afforded any other type of fall protection at the time of the accident. No rational jury could conclude that the absence of a properly secured cover on whatever opening plaintiff fell into was not a proximate cause of the accident, and plaintiff's action in stepping on a board marked "no step", if he in fact did so, thus was not the sole proximate cause of the accident (see e.g. Mejia v 69 Mamaroneck Rd. Corp., 203 AD3d 815 [2d Dept 2022] [awarding plaintiff summary judgment on liability and holding plaintiff's removal of safety harness not sole proximate cause in light of presence of uncovered and unguarded hole]). Plaintiff's motion for summary judgment on the issue of liability pursuant to Labor Law § 240(1) thus is granted.
Accordingly, it is hereby
ORDERED that Skyview's motions (Seq. Nos. 3 and 4) are denied; and it is further
ORDERED that Costa's motion (Seq. No. 5) is granted to the extent that Skyview's claims against Costa and LMV/Katerra's common-law claims against Costa are dismissed, and the motion is otherwise denied; and it is further
ORDERED that plaintiff's motion (Seq. No. 6) is granted, and plaintiff shall have judgment against LMV and Katerra on the issue of liability only on his claim pursuant to Labor Law § 240(1); and it is further
ORDERED that plaintiff shall serve a copy of this Decision and Order, with notice of entry, upon all other parties, and shall file proof of said service via NYSCEF; and it is further
ORDERED that the parties shall appear for settlement conference on July 30, 2025 at 11:30 a.m. in Courtroom 800.
The foregoing constitutes the Decision and Order of the Court.
Dated: June 30, 2025
White Plains, New York
E N T E R:
HON. DAMARIS E. TORRENT, A.J.S.C.