Kelly v RBSL Realty, LLC (2025 NY Slip Op 07291)

Kelly v RBSL Realty, LLC

2025 NY Slip Op 07291

Decided on December 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2021-06198
 (Index No. 600189/16)

[*1]John Kelly, respondent, 
vRBSL Realty, LLC, et al., appellants (and a third-party action).

Kevin P. Westerman, Garden City, NY (Richard W. Ashnault of counsel), for appellants RBSL Realty, LLC, Landtek Group, Inc., and Williams Scotsman, Inc.
Marshall Dennehey Warner Coleman & Cossin, P.C., Melville, NY (Christopher J. Power and Allison Snyder of counsel), for appellant John E. Potente & Sons, Inc.
Grey & Grey, LLP, Farmingdale, NY (Steven D. Rhoades and Robert Grey of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants RBSL Realty, LLC, Landtek Group, Inc., and Williams Scotsman, Inc., appeal, and the defendant John E. Potente & Sons, Inc., separately appeals, from an order of the Supreme Court, Suffolk County (Kathy G. Bergmann, J.), dated July 29, 2021. The order, insofar as appealed from by the defendants RBSL Realty, LLC, Landtek Group, Inc., and Williams Scotsman, Inc., denied those defendants' motion for summary judgment dismissing the amended complaint and all cross-claims insofar as asserted against them. The order, insofar as appealed from by the defendant John E. Potente & Sons, Inc., denied that branch of that defendant's motion which was for summary judgment dismissing the amended complaint insofar as asserted against it.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendants RBSL Realty, LLC, Landtek Group, Inc., and Williams Scotsman, Inc., which was for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against them, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In August 2014, the plaintiff allegedly sustained injuries while working as an employee of Palace Electric Contractors (hereinafter Palace) at a construction site in Medford. Palace was hired by the project manager, Landtek Group, Inc. (hereinafter Landtek). Landtek was hired by the property's lessee, Williams Scotsman, Inc. (hereinafter WS). WS leased the property from RBSL Realty, LLC (hereinafter RBSL). On the date of the incident, the plaintiff was standing in a hole in the ground while a crane operator lowered an 800-1000-pound cement base of a light pole into the hole where the light pole was to be installed. John E. Potente & Sons, Inc. (hereinafter Potente), provided the light pole base, as well as the crane operator. The plaintiff was guiding the light pole base using his hands as it was being lowered by the crane when, allegedly, the light pole base "jerked" or moved suddenly, striking and injuring him.
The plaintiff commenced this action to recover damages for personal injuries against RBSL, Landtek, and WS (hereinafter collectively the RBSL defendants), and Potente. The amended complaint alleged violations of Labor Law §§ 200, 240(1), and 241(6), and common-law negligence. The RBSL defendants moved for summary judgment dismissing the amended complaint and all cross-claims insofar as asserted against them. Potente moved, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against it. In an order dated July 29, 2021, the Supreme Court, among other things, denied the RBSL defendants' motion and that branch of Potente's motion. The RBSL defendants appeal, and Potente separately appeals.
The Supreme Court properly denied those branches of the separate motions of the RBSL defendants and Potente which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against each of them. "In determining whether a plaintiff is entitled to the extraordinary protections of Labor Law § 240(1), the single decisive question is whether plaintiff's injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential" (Chuqui v Amna, LLC, 203 AD3d 1018, 1020 [internal quotation marks omitted]). Here, the plaintiff's deposition testimony indicated that the plaintiff was injured when a heavy, cement light pole base jerked or suddenly moved and made contact with him while the light pole base was in the process of being hoisted by a crane from a point above the plaintiff to a point below. Thus, the RBSL defendants and Potente failed to demonstrate, prima facie, that the plaintiff was not exposed to an elevation-related hazard or gravity-related risk encompassed by Labor Law § 240(1) (see Laliashvili v Kadmia Tenth Ave. SPE, LLC, 221 AD3d 988, 990-991; see generally Runner v New York Stock Exch., Inc., 13 NY3d 599, 604; Rocovich v Consolidated Edison Co., 78 NY2d 509, 514). Consequently, those branches of the separate motions of the RBSL defendants and Potente which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against each of them were properly denied regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The Supreme Court properly denied those branches of the separate motions of the RBSL defendants and Potente which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6) insofar as asserted against each of them. To establish its prima facie entitlement to judgment as a matter of law dismissing a cause of action alleging a violation of Labor Law § 241(6), "a defendant must show that the plaintiff failed to identify a section of the Industrial Code that was allegedly violated, that any such section is insufficiently specific to support liability or is inapplicable to the facts of the case, or that the defendant complied with the requirements of the identified provision" (Lopez v Kamco Servs., LLC, 231 AD3d 1142, 1144 [internal quotation marks omitted]; see Gonzalez v City of New York, 227 AD3d 958, 960). Here, the RBSL defendants and Potente failed to demonstrate, prima facie, that the Industrial Code violations alleged by the plaintiff were inapplicable under the circumstances (see Lopez v Kamco Servs., LLC, 231 AD3d at 1144). Consequently, those branches of the separate motions of the RBSL defendants and Potente which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6) insofar as asserted against each of them were properly denied regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
The Supreme Court properly denied that branch of Potente's motion which was for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against it. "Owners and general contractors, and their agents, have a common-law duty to provide employees with a safe place to work," and Labor Law § 200 "merely codified that duty" (Fonck v City of New York, 198 AD3d 874, 876 [internal quotation marks omitted]; see Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 877). "Cases involving Labor Law § 200 fall into two broad categories: namely, those where workers are injured as a result of dangerous or defective premises conditions at a work site, and those involving the manner in which the work is performed" (Ortega v Puccia, 57 AD3d 54, 61). "When the methods or materials of the work are at issue, recovery against the owner or general contractor [or their agent] cannot be had . . . unless it is shown that the party to be charged had the authority to supervise or [*2]control the performance of the work" (Kearney v Dynegy, Inc., 151 AD3d 1037, 1039 [internal quotation marks omitted]). "[L]iability against a subcontractor based upon a claimed violation of Labor Law § 200 . . . requires a showing that authority was conferred on the subcontractor to supervise and control the activity which produced the injury" (Erickson v Cross Ready Mix, Inc., 75 AD3d 519, 523 [internal quotation marks omitted]; see Van Nostrand v Race & Rally Constr. Co., Inc., 114 AD3d 664, 666-667). Here, Potente failed to eliminate all triable issues of fact as to whether it supervised or controlled the injury-producing work (see Cianciulli v Urban Found./Engg., LLC, 237 AD3d 891). Consequently, that branch of Potente's motion which was for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against it was properly denied regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
However, the Supreme Court should have granted that branch of the RBSL defendants' motion which was for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against them. "The right to generally supervise the work, to stop the work if a safety violation is noted, or to ensure compliance with safety regulations does not amount to the supervision and control of the work necessary to impose liability on an owner or a general contractor pursuant to Labor Law § 200" (Gonzalez v City of New York, 227 AD3d at 959; see Murphy v 80 Pine, LLC, 208 AD3d 492, 495). Here, the RBSL defendants established, prima facie, that the alleged incident arose from work performed over which they did not exercise supervision or control (see Gonzalez v City of New York, 227 AD3d at 959; Murphy v 80 Pine, LLC, 208 AD3d at 496). In opposition, the plaintiff failed to raise a triable issue of fact.
The Supreme Court properly denied that branch of the RBSL defendants' motion which was for summary judgment dismissing the cross-claim for contractual indemnification insofar as asserted against them. "[T]he right to contractual indemnification depends upon the specific language of the contract," and "[t]he promise to indemnify should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding facts and circumstances" (Shaughnessy v Huntington Hosp. Assn., 147 AD3d 994, 999-1000 [internal quotation marks omitted]). "A party that moves for summary judgment dismissing a cause of action for contractual indemnification must make a prima facie showing that it was not contractually obligated to indemnify the party asserting the indemnification claim" (Crutch v 421 Kent Dev., LLC, 192 AD3d 982, 983). Here, having failed to submit the relevant contracts in support of their motion, the RBSL defendants did not establish their prima facie entitlement to judgment as a matter of law dismissing this cross-claim. Consequently, that branch of the RBSL defendants' motion which was for summary judgment dismissing the cross-claim for contractual indemnification insofar as asserted against them was properly denied regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
The Supreme Court properly denied those branches of the RBSL defendants' motion which were for summary judgment dismissing the cross-claims for common-law indemnification and contribution insofar as asserted against them. A party may establish its prima facie entitlement to judgment as a matter of law dismissing a cross-claim for common-law indemnification insofar as asserted against it arising from a workplace injury by establishing that it was not negligent and that it did not have the ability to direct, supervise, or control the work giving rise to the injury (see Keller v Rippowam Cisqua Sch., 208 AD3d 654, 655). Here, the RBSL defendants failed to establish, prima facie, that they were not negligent. Similarly, a party moving for summary judgment dismissing a cross-claim for contribution insofar as asserted against it must make a prima facie showing that it did not owe a duty of reasonable care independent of its contractual obligations or a duty of reasonable care to the plaintiff (see id.). The RBSL defendants failed to make this showing. Consequently, those branches of the RBSL defendants' motion which were for summary judgment dismissing the cross-claims for common-law indemnification and contribution insofar as asserted against them were properly denied regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
DILLON, J.P., CHAMBERS, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court